The People *vs.* Russell and Wood, survivors, &c.

The omission of the comptroller, for *eight years,* to prosecute the bond of a
*commissioners of loans,* forfeited by the non-payment of interest constitutes
no defence to the *surety,* although for three years subsequent to the de-
fault the principal was solvent and able to pay, and at the time of the com-
mencement of the suit was insolvent and unable to indemnify his surety.
The case of *The People* v. *Jansen,* (7 Johns. R. 332,) is in this respect
overruled.

Where a breach gives no *data* to regulate the assessment of damages, it is
not well assigned though it negative the words of the condition of a bond.

A defendant cannot, however, avail himself of such defective breach, under
a demurrer to his plea, if there be another breach in the declaration well
assigned.

Demurrer to  plea.   The declaration was on a bond, bear-
ing  date 18th July, 1814, conditioned that Russell, one of  the
defendants, should  truly and  faithfully perform the office and
duty of a  *commissioner of  loans* for the county of  Franklin,
agreeable to an act of the  legislature, passed April 11, 1808.
The suit was  commenced in  February term, 1827, and *two
breaches* were  assigned ; 1. That  Russell had not truly and
faithfully performed  the office and duty of a commissioner
agreeable  to the  act, but  had  wholly  neglected and refused
so to do, contrary  to the  form and  effect of  the condition of
the bond ; and 2. After setting  forth the appointment of
Russell as a commissioner, and  stating his duty under  the act
of 1808, to pay over to the treasurer of this state on or be-
fore the first Tuesday of July in every year, the *interest* of
the monies committed  to his charge, in pursuance of the said
act, at the rate of *six* per centum per annum ; and that by
a subsequent act, passed 3d March, 1815, it was enacted
that an interest of seven per centum per annum should be
annually paid  upon the monies loaned, by virtue of the first
act ; and after  alleging  that it became the duty of Russell to
demand and receive such interest, and  to pay the same to

the treasurer of the state on or before the first Tuesday of July in every year, it was averred that Russell, on the 1st November, 1819, had in his hands the sum of $500, received by him for interest, in virtue of said *acts*, in monies committed to his charge as a commissioner, which then became due and owing by him to the people ; and that he had not paid the same to the treasurer of the state according to the directions of the acts of the legislature, whereby it was alleged an action accrued, &c.

The defendant Wood, who was a surety for Russel, pleaded, 1. *Non est factum ;* 2. General performance; and 3. That Russell, at the time of receiving the monies alleged in the declaration, to wit, on the 1st Novembr, 1819, and for three years thereafter, was solvent and able to pay all such sums of money as were due from him as such commissioner to the people, and would have paid the same and have indemnified him (Wood) in the premises, if payment had then been required by suit or otherwise ; but that afterwards, and before he (Wood) was informed or had notice that Russell had neglected to pay over to the treasurer of the state such sums of money as were due and owing from him to the people, according to the provisions of the acts of the legislature, and before the commencement of the suit, to wit, on the 1st. January, 1823, Russell became and was, and from that time hitherto had been, and still was wholly insolvent and utterly unable to pay any sum of money to the people, or to refund any part of such sums to him, Wood, or in any manner to indemnify him in the premises; wherefore he prayed judgment if, &c. To this last plea there was a demurrer. The defendant joined.

*Greene C. Bronson,* (attorney general,) for the people. The defendants object that the first breach assigned in the declaration is not sufficient. It is generally sufficient in assigning a breach to negative the words of the condition. (1 Chitty's Pl. 325. 8 Johns. R. 114. 11 id. 6.) If defective, it can be taken advantage of only by special demurrer, or by motion in arrest, the defendants by their second plea having taken issue upon the breach assigned.

The third plea is bad. Mere delay in calling on a principal will not discharge the surety, even though the surety require the creditor to proceed against the principal. (15 Johns. R. 433. 17 id. 176. 13 id. 174.) The defendants rely on the case of *The People* v. *Jansen*, (7 Johns. R. 332,) in support of their plea. The action in that case was on a bond of a loan officer, under the act of 1786, which charged all losses upon the county, and constituted the board of supervisors of the county a tribunal to look into the accounts of the loan officers. The provisions of the act of 1808 are different from the act of 1786, and a distinction has accordingly been made between them. In *The People* v. *Berner*, (13 Johns. R. 383,) the court say, " the situation of these commissioners is not analogous to that of loan officers. There is no board whose duty it is annually to inspect and pass their accounts. The general duties of the commissioners and of the comptroller are pointed out, but it is not made the duty of the comptroller to report to the government or any other person the deficiency of the commissioners." In the United States court several decisions have been had which place this question upon its proper ground : *laches* are not imputable to the government, which can transact its business only through the medium of agents. Provisions by law that agents shall account, &c. are made by the government for its own protection, and to regulate the conduct of its officers ; but they are mere directions to the officers, and constitute no part of the *contract* with the surety. (*United States* v. *Kirkpatrick*, 9 Wheaton, 720. *United States* v. *Van Zandt*, 11 id. 124. *United States* v. *Nichol*, 12 id. 505.) The alteration in the rate, of interest to be paid by those to whom the money was loaned does not affect the obligations of the commissioners to the state.

*A. Hascall,* for defendants. The first breach is bad in not alleging a specific default. The second is also bad, because, by the act of 1808, the commissioner was bound to pay over only *six* per centum per annum, and by the act of 1815, passed subsequent to the date of the bond, he was required to pay *seven* per centum per annum on the monies committed to his

charge; and the default charged upon him being for monies received under and by virtue of *both acts*, the liability of the commissioner was increased beyond what was contemplated by the sureties, who were therefore not liable. (9 Wheaton, 680.) The sureties were discharged also by the neglect of the comptroller to put the bond in suit when forfeited. The failure happened in 1819, and this suit was not commenced until 1827, which brings the case within the principle of *The People* v. *Jansen*, (7 Johns. R. 332.) A plea by a surety who had resquested the creditor to prosecute the principal was held good in *Payne* v. *Packard*, (13 Johns. R. 174 ;) here the surety did not know of the default, and could nòt make such request. In *The People* v. *Berner*, where it was held that the sureties were not discharged, it did not appear as here, that the commissioners were insolvent, and unable to indemnify their sureties, In *Fulton* v. *Matthews & Wedge*, (15 Johns. R. 433,) the surety knew that the debt was unpaid, and yet did not request the creditor to prosecute ; besides, it was doubtful in that case whether the surety was injured by the delay, the principal being insolvent from the beginning. This case is distinguishable from *The United States* v. *Kirkpatrick*, (9 Wheaton, 720,) as in that if was not alleged that the surety had been prejudiced by the delay; nor did the act of Congress under which the bond there was taken require a prosecution for every forfeiture.

*By the Court*, SAVAGE, Ch. J. This case comes before us on a demurrer to the defendants' third plea. Two points are presented : 1. Is the first breach in the declaration good ? 2. Can the third plea of the defendants be sustained ? The breach charges that the defendant Russell did not faitfully perform the office and the duty of commissioner, &c. The general rule is, that it is sufficient to negative the covenant where such general assignment *necessarily* amounts to a breach, (8 Johns. R. 114 ; 5 Johns. R. 174 ;) as upon a limit bond where the condition is that the party shall remain a true and faitful prisoner, a breach that he did not remain a true and faithful prisoner, but escaped, is good ; there the fact of escaped is sufficient from which to ascertain the liabil-

ity of the defendant. But where the breach in the terms of the covenant gives no *data* from which damages can be assessed as in this case, I very much doubt its sufficiency. So, upon a bond with condition to indemnity and save harmless a surety against a particular act, a breach that the obligor had not saved the obligee harmless without shewing how he had been damnified, I apprehend would be insufficient. But it is not necessary to pursue that inquiry. The question arises here, not upon demurrer to the breach, but upon a demurrer to the defendants' third plea. The defendant avails himself of this to attack the declaration. This he has a right to do, but the question is presented as upon general demurrer to the whole declaration: Is the declaration good? not whether a particular count or a particular assignment of a breach is good ; and as there is one assignment of a breach unquestionably good, the plaintiff is entitled to judgment for the breach well assigned, and is only barred for the residue. (Com. Dig. Pl. C. 48 and C. 32. 2 Saund. 380.)

The question recurs, therefore, upon the validity of the plea, which is, that when the commissioner received the monies which he neglected to pay, he was solvent, and would have paid if prosecuted, and would have indemnified his sureties ; but before this suit was brought he became, and still continues insolvent. The case of *The People* v. *Jansen*, (7 Johns. R. 332,) is relied on by the defendants, in which the court expressly say that the plaintiffs are chargeable with the consequences of the neglect of their agents. There was a reason for their being so chargeable in that case which does not apply here. The loan officers under the act of 1786 were the officers of the county, and were responsible to the supervisors. The supervisors were the plaintiffs in interest in that case, and the loss was sustained by their own negligence, not the neglect of their agent. But in *The People* v. *Berner*, (13 Johns. R. 384,) though the court take a distiction between that case and the preceding, they apparently concede that the defence would have been good if the commissioner had become insolvent, and the security had been prejudiced. They however shew, that under this act there is no board to examine the accounts and make report.

It is urged for the defendant that it was the comptroller's duty to have prosecuted when the bond was forfeited. The statute in that respect is directory, and formed no part of the contract with the surety. (9 Wheaton, 736.)

It was not the duty of the comptroller to make any report on the subject, or to give notice to the surety of the defalcation of his principal; and the surety by examination at the comptroller's office might at any time have ascertained the state of the accounts. This subject has been much discussed in the supreme court of the United States, (9 Wheaton, 720, 11 id. 134, and 12 id. 505,) where in analogous cases that court have established the principle, that *laches* is not imputable to the government, and that statutory directions to public officers are given for its own security and convenience, and to regulate the conduct of its officers, but being directory form no part of the contract with the surety; and the case of *The People* v. *Jansen*, so far as it conflicts with these principles, is overruled. The government are placed on the same footing with individuals; and as to them, mere indulgence, without connivance or fraud, forms no defence to the surety.

The plaintiffs are entitled to judgment on the demurrer to the third plea, with leave to amend on payment of costs.