Wood
v.
Torrey.

September 7.

---

### JAMES WOOD *vs.* TORREY.

A perpetual stay of execution will be ordered on the application of a *bona fide*
*purchaser* of lands bound by judgment, where it appeared that an execution
had been issued and personal property of the defendant in the execution
levied upon to an amount sufficient to satisfy the judgment, although the
court, under the circumstances of the case, had refused to set aside the
execution on the application of the defendant.

September 7.

MOTION for perpetual stay of execution. In September,
1826, a *fieri facias* was issued on a judgment obtained in the
preceding August in this cause, directing the sheriff to levy
the sum of $350,93. *Personal* property of the defendant
to an amount sufficient to satisfy the execution was levied
upon by the sheriff. The execution was returnable in Oc-
tober, 1826. In November, 1826, *Jethro Wood,* who had
become the assignee of the judgment, executed to the sher-
iff a receipt for sundry articles of property, received of the
sheriff in this cause, valued at $375, which he promised
to deliver to the sheriff when called for, or when he should

wish to have them sold on the execution in this suit, and at the same time endorsed a direction on the execution to stay proceedings until further orders. In August, 1830, the assignee of the judgment directed the sheriff to advertise certain lands for sale under and by virtue of the judgment and execution against Torrey, who applied to set aside the execution, on the ground of the levy upon the personal property; which application, under the circumstances of the case, was denied. A motion is now made by a *purchaser* of the lands for a *perpetual stay of proceedings* on the execution *as against the lands,* he having on the 10th October, 1826, in good faith, purchased the same for a valuable consideration, without notice of the judgment.

*B. F. Butler,* for the purchaser.

*S. M. Hopkins,* for the plaintiff.

*By the Court,* SAVAGE, Ch. J. The levy by the sheriff upon sufficient personal property to satisfy the execution, previous to the sale of the real estate by the defendant in the judgment, was a satisfaction of the judgment. This is not new doctrine. In *Clerk* v. *Withers,* 2 *Ld. Raym.* 1072, it was held that a defendant whose goods were seized on execution, was discharged of the judgment. Payment to the sheriff on a *fi. fa.* is a bar to an action on the judgment, though the sheriff do not bring the money into court, nor pay it to the plaintiff. *Cro. Eliz.* 209, 391. In *Ladd* v. *Blunt,* 4 *Mass. R.* 403, Parsons, Ch. J. says: "Where goods sufficient to satisfy the judgment are seized on a *fieri facias,* the debtor is discharged, even if the sheriff waste the goods, or misapply the money arising from the sale, or does not return his execution." These cases are recognized in *Hoyt* v. *Hudson,* 12 *Johns. R.* 208, where the same doctrine is reiterated. In *Ex parte Lawrence,* 4 *Cowen,* 417, Lawrence had levied on personal property to an amount sufficient to satisfy the *fi. fa.,* and then attempted to redeem the debtor's real estate, which had been sold by virtue of another judgment and execution. For that purpose he applied for a mandamus requiring the sheriff to convey to him. The motion was denied, the court saying, "The levy on the personal property of

ALBANY,
Sept. 1831.

Hopping, to an amount sufficient to satisfy Lawrence's execution, operated, *per se*, as an extinguishment of his judgment; Lawrence's judgment ceased to be a lien from the time of the levy, and of course he could not redeem." The same principle is asserted in *Jackson* v. *Bowen*, 7 *Cowen*, 21, and in *Ontario Bank* v. *Hallett*, 8 *Cowen*, 194. The latter case contains an intimation that no such effect would be produced in relation to a defendant who should fraudulently procure the release of property levied on. Upon that principle this motion was denied, when made in the name and apparently for the benefit of the defendant Torrey. This motion, being made on behalf of a *bona fide* purchaser, presents a very different case; when he purchased, the plaintiff had levied upon property abundantly sufficient to satisfy his execution. It was his own folly to relinquish the satisfaction which was in his own hands, and an innocent purchaser should not be the sufferer.

This motion must be granted, with costs.