By the Court,

Savage, Ch. J.
The charge of the court was correct. The questions of fact submitted to the jury were, 1. Whether a levy was in fact made ; 2. Whether, if made, the colt was not secreted and withdrawn by the defendant Mickles, or by his procurement, and they were told that if such was the fact, the judgment was not satisfied.
The law was correctly stated to the jury. It is true that in the cases cited the law is laid down in broad terms, that the levy is a satisfaction, where the property is sufficient to satisfy the execution ; and as a general proposition, it is undeniable ; but it is equally well settled that no man can take advantage of his own wrong. These two principles stand well together; and then the amount of both is, that the levy is a satisfaction, unless the property has been fraudulently withdrawn by the defendant from the power of the officer. The rule has always been laid down with this qualification, when necessary. In Wood v. Torrey, 6 Wendell, 562, a motion to set aside an execution, on the ground of a former levy was denied, for the reason that the property had been withdrawn by the defendant, with the assent of the plaintiff; but when the motion was subsequently made by .a bona Jide purchaser of other property of *128 the defendant, who had become such while the property was held by the officer, the motion for a stay of execution was granted. ■
Judgment affirmed, with single costs.