ALBANY,
Oct. 1837.

The People
v.
Onondaga
C. P.

</div>

Motion denied, but without costs.

---

THE PEOPLE, *ex relatione,* Luther, *vs.* ONONDAGA C. P.

Where a defendant in an execution, with whom property is left after a levy, removes the property from the county and the sheriff is made liable for the amount, the court on notice to the defendant will permit a new execution for the benefit of the sheriff to issue and be levied upon the real estate of the defendant, saving, however, the rights of subsequent incumbrancers, attaching after the removal of the personal property.

MANDAMUS. Luther, a deputy sheriff of Onondaga county, by virtue of an execution in favor of Lightbody and Wright against one Marshall, levied upon *personal property* in the possession of the defendant to an amount sufficient to satisfy the execution, but left the property in the possession of Marshall. The levy was made in *February*, 1832. In May following Marshall removed the property from the county. The sheriff of Onondaga was *attached* and ordered to pay the amount of the execution. Luther paid the amount, procured an assignment of the judgment, and on notice to Marshall obtained leave from the Onondaga C. P. to issue an execution thereon, which was levied on the *real estate* of Marshall. In May, 1833, Baldwin and Brewster obtained a judgment in this court against Marshall on which they sold his *real estate*, becoming themselves the purchasers, and thereupon obtained from the Onondaga C. P. an order for a *perpetual stay* of the execution, issued for the benefit of Luther as to the real estate purchased by them. This order was obtained on notice to Luther, who

<div align="right">October, 1837.</div>

now moved for a *mandamus* requiring the C. P. to vacate the order for a perpetual stay.

*S. Stevens*, for the relator.

*W. I. Dodge*, contra.

*By the Court*, COWEN, J.   The court below allowed Luther to come and be subrogated in the place of the plaintiff as against Marshall the defendant, but not as against the purchasers of his real estate on subsequent judgments and executions.   I. think they had a right to do so in their discretion.   The levy by Luther, although Marshall subtracted the property before Baldwin and Brewster got their judgments, might well have induced them to suppose that the first judgment was satisfied, and led them on in their own suits to expense and trouble.   All this was, very likely, in consequence of Luther's neglect.   He levied on personal property, which was *prima facie* a satisfaction.   He was careless in not keeping it, and in leaving it with Marshall.   I think this case is within the principle of *Wood* v. *Torrey*, 6 Wendell, 562, and therefore the motion must be denied, with costs to be paid by the relator.