By the Court, Cowen, J.
The plaintiff does not make out such a case against J. G. Tiffany as to require that I should permit a sale. T would do so, if I saw any serious doubt whether he had not purchased with a view to defraud the plaintiff, or had paid the balance in bad faith, which he promised to keep back. I would do so, in order that the question of fraud might be put in a train for determination by a trial at law, or a hearing on a bill in equity. But the good faith of the original purchase is not denied; and the promise to retain a part was made before the judgment had ceased to be a lien by the lapse of ten years. No court would hold that this farm was, under the circumstances, bound by the judgment after that time had elapsed. This being clear, we are warranted, though it seems formerly to have been held otherwise, (Hewson v. Dygert, 8 John. 333,) in staying the execution upon motion, on. the ground that an attempt to draxv the purchaser’s title in question by a sale is an abuse of our process. The judgment is gone in respect to him, as effectually as it would be in respect to a defendant who has paid the money upon it in full. (Little v. Harvey, 9 Wendell, 157. Graff v. Kip, 1 Edw. Ch. Cas. 619. Roe v. Swart, 5 Cowen, 294. Pettit v. Shepherd, 5 Paige, 493. Wood v. Torrey, 6 Wendell, 562. Tufts v. Kip, 18 id. 621. Lansing v. Vischer, 1 Cowen, 431.)
Motion granted.