Mr. Justice ShaRkey
delivered the opinion of the court.
In October, 1839, Johnson & -Fisher recovered judgment against J. C. Pickens and W. L. Pickens. In June, 1840, an execution issued thereon, directed to the sheriff of Carroll county, the judgment having been obtained in Holmes county. The execution was levied dn land which the defendant claimed to have valued, which was done, and the valuation greatly exceeded the amount of the judgment. On the 25th of March,-1841, the land was offered for sale, and failing to bring two thirds of its value, the sale was postponed for twelve months, according to the provisions of the valuation law. In April, 1842, the land so levied on -was sold under a venditioni exponas, for $730, a sum less than the judgment.
On the 28th of October, 1840, Booth recovered a judgment against W. L. Pickens, in the circuit court of Carroll county, on which execution issued on the 7th,of June, 1841, which was levied on the tract of land in question, as the property of W. L. Pickens. On the 20th September, 1841, the land was sold, and purchased by J. W. Pickens, the plaintiff in error, which sale took place pending the stay ór suspension of the execution under the older judgment of Johnson & Fisher.
After the expiration of the stay of Johnson & Fisher’s execution, under the valuation law, and the sale of the land levied on under it, in Carroll county, they issued an alias ft. fa. to Holmes county, which was levied on the tract of land which had been purchased by J. W. Pickens, under the younger judgment of Booth, pending the stay of the older judgment. At this sale, *434 the defendant in error purchased theland, and brought ejectment to recover possession. The above facts are the substance of a special verdict in the case, on which the court rendered judgment for the plaintiff below.
The question which is presented by these facts, may be thus stated : Does the sale under a junior judgment cut out the lien of an elder judgment, which had been levied on other property, and suspended for twelve months, under the valuation law, because the property so levied on did not sell for two thirds of its value? Or, to place it in a different shape, does a judgment creditor lose his priority of lien by a levy, which levy is suspended under the valuation law 1
The elder judgment constituted a prior lien; and it was held in the case of Andrews v. Wilkes, 6 How. 554, that such a lien cannot be destroyed in favor of one having notice of its existence, unless it be by some act of the party who holds the lien. It is important that this principle should be kept in view in the present case. But it is insisted that the levy under the older judgment was a satisfaction, and discharged the judgment lien. It is true that a levy on sufficient property is said to be a satisfaction. It is absolutely so for some purposes. For instance, if the sheriff make a levy on sufficient property to pay the debt, and waste it, or it is lost by his negligence, the defendant is discharged. But if he should levy on property supposed to be sufficient, which should turn out not to be so when sold by him, then the plaintiff is entitled to his execution for the balance. The value cannot be so fixed but what it may vary between the levy and sale, and as the sheriff is required by law to sell to the highest bidder, the sale is the true criterion of value. The effect of a levy is to stay the plaintiff’s hands. After a levy on sufficient property the plaintiff cannot have a pew execution, but must pursue the first levy until it is disposed of, but if it should turn out to be insufficient, then he is entitled to another execution. Gilbert on Executions, 24, 25. Hence it is manifest that a levy is but a prima facie satisfaction, and so it was held in Luther’s case, 19 Wend. 79. If it were anything more, the plaintiff’s remedy would be at an end, because he *435 could not sue out an execution^ after actual satisfaction. This prima facie satisfaction does not destroy the lien. If it did, the. object of the law giving the lien would be defeated. Instead of creating a lien for the purpose of producing satisfaction, it would only confer the right to make a levy, and then leave the door open to other creditors, whose claims would be preferred, even if the first levy should not produce one fourth of the debt. But there is a feature in this case which it is said takes it out of the operation of the general rule, so far as the plaintiff in error is concerned, and that is the effect of the levy and appraisement, it being insisted that as to the plaintiff in error, this was an actual satisfaction, though not so as to the plaintiff in the execution. If it be true that a judgment lien is only lost by the act of the party holding it, this position is not tenable. I do not perceive how this case differs in principle from the ordinary case of a levy without appraisement. The law providing for the valuation of property levied on, requires that such property shall sell for two thirds of its value; and in case it does not, if it be land, then the sale shall be postponed for twelve months, at the expiration of which time it is to be sold under a venditioni exponas, for what it will bring. The effect of this law is a legal suspension of the plaintiff's right to prosecute his execution. It is a legal stay, brought about by the defendant in the execution, without the consent or agency of the plaintiff; and, according to the principle with which we set out, how can it destroy the lien 1 The valuation gives to the plaintiff no additional security. Its effect is sufficiently prejudicial to the plaintiff without giving it the effect of destroying his lien. The valuation and postponement of sale are mere legal steps which precede the plaintiff’s right to consummate his lien, which do not limit it to narrower ground than it occupied before. Suppose the law, instead of providing for the valuation, had increased the time for which real estate is to be advertised before sale, leaving personal property to be sold on shorter notice, could the. purchaser of personal property, under a junior judgment, contend that the pending levy under an older judgment on land was such a satisfaction as to relieve the personal property from the older lien ? He could not; and yet *436 such a casé would not 'differ in principle from the one before us. The plaintiff in error cannot claim protection on the ground that he had a right to act upon the presumption that the valuation was evidence of a sufficient levy. He must have known that the land must ultimately sell for what it would bring, regardless of the valuation. Every purchaser at sheriff’s sale under a junior judgment, after the levy of an older one on different property, might claim protection on the same ground, for every levy is presumed to be a sufficient one. And yet such purchasers must take the risk of the sufficiency of the levy. There is nothing in the present case which can change the principle, and although the extravagant value placed on the land might have induced the plaintiff in error to believe that he could purchase without danger from prior liens, yet he is hot thereby legally protected. There are cases in which the rights of purchasers under younger liens will be protected, but they are made to turn upon the act Of the party claiming the benefit of the older lien. Thus in the case reported in 19 Wend. 79, the sheriff made a levy on personal property, but permitted it to remain with the defendant, who removed it. The sheriff was compelled to pay the money, and having obtained an assignment of the judgment, he obtained leave to sue out execution, but was not permitted to levy the execution on land sold under á junior judgment, because he had made a levy on personal propérty', which was a prima fade satisfaction, and was so careless as to permit it to be taken away. So in the case of Wood v. Torrey, 6 Wend. 562, a perpetual stay of execution was awarded in favor of a bona 'fide purchaser of lands bound by a judgment, where it appeared that a levy had been made upon personal property, to an amount sufficient to satisfy the judgment; but the decision is placed upon the ground of the plaintiff’s folly in relinquishing the levy, to the prejudice of an innocent purchaser.
In support of the view taken of this qiiestioh, we may justly advert to a distinction which exists between a levy on land, and a levy on goods ; the right to the goods is changed by the levy, and hence it is said to be a satisfaction; but the title to land is not changed by levy. The course of proceeding is also *437 different, under the appraisement law; if land levied on does not sell for two thirds of its value,-the possession of the defendant is not interrupted, but the sale is suspended for twelve months, without any additional security to the plaintiff. In case of a levy on personal property, the defendant is required to give a bond, with three undoubted securities, conditioned for the delivery of the property, and if the condition be not complied with, the bond has the force and effect of a judgment. Now, as a levy on land neither changes the possession or the title, the reason for holding a levy to be a satisfaction, seems, at least to some extent, to fail. If a sheriff levies on personal property, he is responsible for its value, because it is his duty to take it into possession, but he is not responsible for the value of land.
As the lien of the older judgment was not destroyed, the sale of the premises in question necessarily overreached the prior sale, under the junior judgment, and the court having so decided, the judgment must be affirmed.