No. 18.—MATTHEW A. MARSHALL, plaintiff in error, *vs.* RHODA MORRIS, defendant in error.

[1.] If personal property levied on by the Sheriff is left with the defendant, or suffered to return into his possession, and there to remain undisposed of, is it a satisfaction in law of the judgment, at least to the value of the property. *Quere ?*

[2.] Where the *fi. fa.* is for more than three times the amount of the property levied on, it need not wait for a sale of the goods seized, but may proceed forthwith to re-levy for the residue.

Claim, in Crawford Superior Court. Tried before Judge POWERS. September Term, 1852.

A *fi. fa.* for $2,500 00 in favor of plaintiff against Richard Morris, was levied upon certain negroes, and a claim interposed by Rhoda Morris.

On the trial, the execution was offered in evidence, and it appeared from an entry thereon, that on the 11th of November, 1841, it was levied upon a negro woman Patty, and her two children, of which levy no disposition had been made.

Claimant objected to the introduction of the execution, on the ground that this levy had not been disposed of.

Whereupon counsel for plaintiff offered to prove the value of Patty and her two children when levied on, to show that it was not sufficient to satisfy the *fi. fa.* also that they had been left, and had continued from 1841 in the possession of the claimant.

VOL. XIII 24

The Court rejected the evidence, and refused to allow the execution to go in evidence, and ordered the levy to be dismissed, and this decision is brought up for review.

HUNTER and S. T. BAILEY, for plaintiff in error.

S. and R. P. HALL, POE & NISBET, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was a claim case; and the parties were Matthew A. Marshall, plaintiff in *fi. fa.* Richard Morris, defendant, and Rhoda Morris, claimant. The execution was levied on certain negroes as the property of Richard Morris, and tendered in evidence on the trial as the first piece of testimony on the part of the plaintiff. Its admissibility was objected to, on the ground that there was a previous levy in November, 1841, of the same *fi. fa.* on several negroes, which had not been accounted for, and which by presumption of law, was a satisfaction of the process.

To rebut this presumption, the plaintiff offered to prove and did prove that the property seized had never been sold, but was left in the possession of Morris, the defendant, and Rhoda his wife, the claimant, where it had remained ever since, and then was.

[1.] Does this satisfactorily account for the levy? At the hearing we thought not, and so expressed ourselves. We supposed it would be establishing a bad precedent, and one which might and probably would be, productive of much mischief, to hold that when the property of the defendant was levied on by the officer, that it was sufficiently accounted for, to show merely that it had not in fact been sold, although ample time had elapsed for that purpose, and no reason was assigned why it was not; and especially when the goods were suffered to remain in the possession of the debtor, as in the present case. And it still occurs to us, that such a practice might be greatly abused to the prejudice of other creditors.

And this view of the subject is certainly not unsupported by authority. A levy undisposed of, is satisfaction, and the second execution cannot issue. *McGehee vs. Hanaly*, (5 *How.* 629.) Whilst the levy continues, the plaintiff's recourse against the defendant is at an end. *Kershaw vs. Merchants' Bank,* 7 *Hen.* 393. After a sufficient levy, the plaintiff cannot have a new levy, but must pursue the first levy until it is disposed of. *Pickens vs. Marlow*, 2 *S. & M.* 434. A levy is satisfaction until shown to be disposed of. 4 *S. & M.* 134. By second levy, the first not being disposed of, the Sheriff is a trespasser. *Hoyt vs. Herdson*, (12 *Johns. Rep.* 207.) Whilst the levy is undisposed of, the second suit is void. *Arnold vs. Fuller*, 1 *Ham.* 458.

And whilst some of the authorities admit that when the property is restored to the defendant, *he* cannot insist that the judgment was satisfied by the levy, but he may insist on the levy whilst it continues, as an entire satisfaction, yet as to *third parties*, the levy *is* satisfaction. *Duncan vs. Harris*, 17 *S. & R.* 436. *Ex Parte Lawrence*, 4 *Cowen*, 417. *Hunt vs. Breading*, 12 *S. & R.* 37. *Ford vs. Geauga County*, 7 *Ohio*, 482. *Wood vs. Torrey*, 6 *Wend.* 562. *Jackson vs. Benedict*, 13 *Johns.* 534.

But this point was elaborately argued upon the authorities, in *Banks vs. Evans*, 10 *Smedes & Marshall*, 35. And although the Court held that the facts proven in that case, did not amount to a valid levy, still they say if it did, it did not constitute a satisfaction of the execution, and adopt the following rule upon the subject: "The seizure of personal property under a *fi. fa.* is constructively a discharge of the debt. But if the defendant were never deprived of his property by the Sheriff, or if he were, and got it back, either with or without the consent of the Sheriff, it would be monstrous to say the defendant had paid his debt. The levy on property is not actual payment, which the law always aims at. It is only constructively so, to prevent wrong. It is deemed a payment in those cases where, if it were not, the defendant would be twice deprived of his property on the same judgment. In all

other instances, it is no payment," citing *Ex Parte King*, 2 *Dev.* 341. *Clark vs. Withers*, 1 *Salk.* 322. *Taylor vs. Baker*, 2 *Mod.* 214. *Binford vs. Alston*, 4 *Dev.* 351. 4 *S. & M.* 135. See also to the point, that if the property levied on is returned into the possession of the defendant, that it is not a satisfaction in law of the judgment. *Morran vs. Harts, administrator*, 1 *Marsh.* 292. 4 *Dallas*, 358.

And here, until further enlightened, I prefer to leave this point.

[2.] But conceding that the levy unaccounted for, was a presumption of payment, still the plaintiff showed that every dollar of his large demand, upwards of $2,500 in amount, and three times more than the property would raise, was still due. He proposed further to prove the actual value of this property, and that, allowing that his creditor should be credited *pro tanto*, he insisted that he was at all events entitled to proceed to make the balance.

We are clear that he had a right to do this. If one holding an execution for a large sum, levies on a piece of property of small value, surely he would not be estopped from causing his *fi. fa.* to be relieved with a view to secure the residue of his debt. And to this extent we annul the judgment of the Circuit Court.

Judgment reversed.