The Chancellor.
The only question raised by the exception to the report of the master involves a question of priority between two of the encumbrances upon the mortgaged premises.
*122 The mortgage of Speer, the exceptant, was given in March, 1859. On the 8th of September, 1857, Augustas W. Bel! recovered judgment against the mortgagor in the Morris Circuit. A writ of fieri fados was issued upon the judgment, and levied upon the personal property of the defendant, more than sufficient in value to satisfy the judgment. On the 20th of August, 1859, the mortgagor, by bill of sale, conveyed a part of his personal property to John S. Smith. On the 16th of March, .1860, Bell assigned his judgment against McClennan to Smith, the balance then due thereon being $144.83. In the same month, but subsequent to the purchase of the judgment, Smith, with the assent of Mc-Olennan, sold at public vendue all McClennan's personal property liable to execution, as well that included in the levy and inventory as that sold by McClennan to Smith. The amount realized by the sale was $262.35. No part of the proceeds of the sale were credited on the execution, but were applied by Smith to the satisfaction of other claims held by him against McClennan, leaving the judgment unsatisfied. The master reported that the judgment is an encumbrance on the real estate of McClennan, the defendant, and is entitled to priority over the subsequent mortgage thereon. Speer, a subsequent mortgagee, excepts to the report, on the ground that, as against the subsequent mortgage upon the real estate of the defendant, the judgment was satisfied and discharged, or if any lien upon the mortgaged premises, the lien is subsequent to that of.the mortgage.
The rule of the common law is, that a levy upon sufficient personal property to satisfy the execution is a satisfaction of the judgment. Clerk v. Withers, 2 Ld. Ray. 1072;. Ladd v. Blunt, 4 Mass. 403 ; Hoyt v. Hudson, 12 Johns. R. 208.; Ex parte Lawrence, 4 Cowen 417.
And may be pleaded' in law of an action upon the judgment. Mountney v. Andrews, Cro. Eliz. 237.
. Such levy is not an absolute satisfaction of the judgment. The levy may be defeated by the defendant,, or the property *123 may be eloigned by him. If by these or other means, the levy fail to produce satisfaction in fact of the judgment without any fault of the plaintiff, he may proceed to obtain execution of the judgment. Ontario Bank v. Hallett, 8 Cowen 192; Green v. Burke, 23 Wend. 490.
In Wood v. Torrey, 6 Wend. 562, a perpetual stay of execution was ordered on the application of a purchaser of lauds bound by a judgment, where it appeared that personal property of the defendant in execution had been levied upon to an amount sufficient to satisfy the judgment.
In The People v. Onondaga, C. P., 19 Wend. 79, the same principle was applied for the protection of subsequent encumbrancers upon the real estate, though the judgment was permitted to he enforced as against the defendant and liis estate in the land.
In Hayden v. Agent of Auburn State Prison,.1 Sandf. Ch. R. 195, it was held that the levy of an execution upon personal property sufficient to pay it is a satisfaction of the judgment as to junior encumbrances upon real estate; although, in consequence of the slioriff’s indulgence to the debtor and the plaintiff’s neglect to enforce it, the levy actually produces nothing to apply on the execution.
In Johnson v. Tuttle, 1 Stock. 365, upon a question between a judgment creditor, whoso execution had been levied upon the personal estate of the defendant and a subsequent mortgagee of the land covered by the judgment, the Chancellor directed that in taking the account there should be credited on the judgment the value of the property levied on, except such part of it as the plaintiffs in execution could show was not appropriated to their judgment, and the benefit of which they were deprived of through no negligence or default of their own or that of the sheriff.
It is unnecessary, for the settlement of the present inquiry, to decide what, under our law, would constitute negligence or default on the part of the plaintiff in execution or of the sheriff sufficient in case of loss to charge the plaintiff in execution with the value of the property levied upon, nor *124 to recognise the stringent rule that was adopted in Hayden v. Agent of the Auburn State Prison.
It is evident that sufficient personal property was levied upon to satisfy the execution of Smith, and was sold by Smith. While the judgment was in his hands, and while the mortgage was a subsisting lien upon the lands of the defendant in execution, Smith, having received the avails of the personal property levied upon, was bound to apply it in satisfaction of the judgments. He had no right, as against the defendant himself, to apply it in satisfaction of other debts due to him from the defendant. Though the property was sold by the plaintiff in execution without the intervention of the sheriff, it cannot be presumed that the defendant consented that the property should be sold, leaving the judgment unsatisfied and in force against him. If it be admitted that the evidence is not clear that the property levied upon was not sold to an amount sufficient to satisfy the execution, it does not aid the claim of the execution creditor. The levy of an amount sufficient to satisfy the judgment was prima fade satisfaction of the claim. That presumption was to be overcome by proof on the part of the plaintiff in execution. If the property levied on had been lost or squandered by the negligence or default of the plaintiff in execution, so that it did not realize the amount of the judgment, it was incumbent upon him to show it. The judgment'can constitute no encumbrance upon the real estate to the prejudice of the mortgage creditor.
The exception is allowed.