The case of Post v. Wicks, recently determined in this court, is decisive to show, if authority were needed, that the performance of the various acts, authorized or required of the county treasurer, for the recovery of moneys in the hands of a collector who had made default or refused to pay over taxes, collected by him, is not a condition precedent to the liability of the sureties in the collector's official bond. Their undertaking is that the collector shall well and faithfully execute his duties as such collector, and not that they will make good his failure to pay over moneys which shall come to his hands, provided all the means for the collection of such moneys have been diligently and exactly used by the public officers entrusted with them. When Jewell, the collector of the town of Lancaster, failed to pay over the taxes which he had collected according to the exigency of his warrant, a breach occurred of the condition of his bond and his sureties were liable. If that liability has been discharged, it must have been by matter subsequent, releasing them from their obligation.
In one of the opinions delivered in the case of Post v.Wicks, just referred to, some stress was laid upon the fact that there was nothing in that case to show that the delay or neglect complained of, had in any respect prejudiced the defendant. In that particular, the present case differs from that, because there was here some evidence, that if the treasurer of Erie county had issued the warrant authorized by the statute against this collector, as soon as the law directed, he might have recovered some, if not the whole of his deficiency. But *Page 522 
the other opinion in the case referred to, asserts the distinct, and I think the correct doctrine, that these and similar provision of law, in regard to public officers, are intended for the protection of the public, and not for the security of sureties of these officers, and form no part of the contract with such sureties. The rule in regard to ordinary sureties, is that they will be discharged where the creditor, after notice and a proper request, has neglected to prosecute the principal, and by his delay the collection of the debt from the principal has been rendered impossible, or the surety has lost his indemnity or security. In no case is a surety discharged by mere laches of the creditor, unless after a request to prosecute the principal. In the case of the People v. Jansen (7 J.R., 332), the neglect of the supervisors to prosecute defaulting loan officers, for a long period, and their indulgence and delay in the prosecution when it had been commenced, were admitted as a defence, and the provisions of the statute imposing prompt supervision and prosecution in such cases, seem to have been regarded as equivalent to a request by the sureties. But the doctrine of that case has been overruled by repeated decisions in our own courts, and a contrary rule laid down in the courts of the United States. (People v. Russell, 4 Wend., 570; Seymour v. Van Slyck,
8 id., 403; Albany Dutch Church v. Vedder, 14 id., 165-171;United States v. Kirkpatrick, 9 Wheat, 720; Same v. VanZandt, 11 id., 184; Same v. Nicholl, 12 id., 505; Dox v.Postmaster-General, 1 Pet., 325; Locke v. United States,3 Mass., 446.) These authorities must be regarded as having established the reasonable rule, that the directions of the public laws in such cases are not to be assimilated to a notice and request by a private surety for the prosecution of the principal, and that laches cannot be imputed to the State or people, for a failure on the part of these officers, to comply with such directions. These provisions of law are intended, as I have said, for the security and protection of the government, and not for the benefit of the surety. The sureties for one public officer will not be allowed to plead, in their own discharge, the neglect of another to discharge a duty to the public. The matter upon *Page 523 
which evidence was given in this case constituted no defence to this bond, and the judgment in favor of the plaintiff must be affirmed, with costs.
All the judges concurring,
Judgment affirmed.