Selden, J.
It is true, as claimed by the plaintiff’s counsel, that no express statutory provision was necessary to enable supervisors to sue upon bonds directed to be given to them by the collectors of towns, because, as was said by Bronson, J., in Supervisor of Galway v. Stimson (4 Hill, 136), as a general rule, “ all public officers, though not expressly authorized by statute, have a capacity to sue commensurate with their public trusts and duties.” It does not, however, follow from this, that the provisions of our- statute in relation to the prosecution of such bonds are entirely without effect upon this right of the supervisor, It is, without doubt, a well-settled principle, that where a right of action exists at common law, and an indefinite remedy is given by statute, the remedy at common law is not taken away, unless such an intention is clearly . manifested in the statute. In this case, the bond itself is the creature of the statute. Its form is prescribed and 'its effect controlled by the provisions of the statute. Independently of any statutory provisions on the subject, the obligors-in such a bond would only be liable to pay the damages which might accrue in consequence of any default upon the part of the collector; and if it could be shown, therefore, that the tax, or any portion of it, was not collectible, the responsibility of the obligors would be pro tanto reduced. Hnder our statutes, however, any sum left unpaid by the collector, unless properly returned as uncollectible, is regarded as a specific debt for which the collector and his sureties are liable. (Muzzy v. Shattuck, 1 Denio, 233.)
This conclusion is the necessary result of the provisions' of the statute concerning “ the manner in which taxes are to be collected, and. the duties of the collector.” (1 R. S., 400, §§ 13, 14, 15, 16.) Section 13 provides, that if the collector shall *509 fail to pay the sums required by his warrant, or either of them, or to account for the same as unpaid, the county treasurer shall issue a warrant to the sheriff to collect such sum as shall remain unpaid, or unaccounted for, out of the property of the collector. Section 14 requires the sheriff to execute the warrant, and pay over the moneys collected to the county treasurer. Section 15 directs that the sheriff shall state in his return the sum collected upon the warrant, and if anything remains unpaid; that he shall also state that there is no property of the collector out of which the same could be levied. It then directs that the county treasurer shall forthwith give notice to the supervisor of the town of the amount remaining due from the collector. Then follows section 16, which provides as follows: “ The supervisors shall forthwith cause the bond of such collector to be put in suit, and shall be entitled to recover thereon the sum due from such collector, with costs of suit.”
Now, suppose the supervisor, as the plaintiff’s counsel contends he might, should bring a suit upon the bond immediately after the collector’s default, in not paying over the money without waiting for the issue and return of the warrant of the county treasurer. What would be the amount of recovery in such a case ? Could the supervisor, in such an action, founded purely upon his common-law right, avail himself of the provision in section 16, entitling "him to recover the “sum due” from the collector? What is the “ sum due” there referred to ? It is, of course, the sum appearing by the sheriff’s return of the warrant to remain unpaid. Can an action be commenced to recover this sum, before the amount is ascertained, or before it is ascertained that any sum whatever will remain uncollected? I think, clearly not. In such an action as I have supposed, therefore, the recovery must be according to the rule of the common law, a conclusion which appears to me inadmissible. The same instrument can hardly bear two different constructions, and be subject to two different rules of damages for the same identical breach. It would seem, therefore, that no action could be maintained upon the bond *510 until after the issue and- return of the warrant authorized, by section 13. As, however, it is not requisite in the decision of the case, to dispose of this question, I do not assume to pass definitely upon it.
The next question, and that upon which the case mainly depends, is whether the issuing of the warrant by the county treasurer, within the twenty days mentioned in the act, and its return within the time prescribed, are conditions precedent to any right of recovery upon the bond; in other words, whether the power to issue the warrant at all is absolutely limited to the twenty days. If the statute is merely directory as to the time, then it would follow that the judgment appealed from is right, because section 16 authorizes the suit to be brought whenever the supervisor receives notice of the return of the warrant, and no time is Emited for commencing such suit, after the notice is given.
The general rule on this subject is, as stated by Marcy, J., in The People v. Allen (6 Wend., 486),. that “ where a statute specifies a time within which a public officer is to perform an official act, regarding th$ rights and duties of others, it will be considered as directory merely, unless the nature of the act to be performed, or the language used by the legislature, show that the designation of the time was intended as a limitation of the power of the officer.”
Most of the instances in which this principle has been. applied have been cases where the act directed to be done was required for the public benefit alone, and where no private interests were directly and necessarily, involved. There is apparent force in the suggestion, that the sureties here have an interest in the prompt performance of his duty, by the county treasurer; that cases might well arise in which the whole debt would be collected from the property of the collector, and the sureties be thereby saved harmless, if the warrant was promptly issued.
There is .nothing, however, in the terms of the act to indicate that it was intended absolutely to Emit the power of issuing the warrant to the twenty days. • The provision was *511 intended, at least in part, for the benefit of the public, and it has been held with great uniformity, that the public interests are not to suffer by the laches of any public officer. (United States v. Kirkpatrick, 9 Wheat., 720; Same v. Van Zandt, 11 id., 184; Same v. Nicholl, 12 id., 505; Dox v. P. M. General, 1 Pet., 325; People v. Russell, 4 Wend., 570.)
The case United States v. Van Zandt was very similar to this. The action was against the surety, upon the official bond of a paymaster in the army. By the “ act for organizing the general staff, and making further provision for the army of the United States,” it was, among other things, provided in the most imperative terms, that if a paymaster should fail to render his vouchers to the paymaster general for settlement of his accounts, for more than six months after his having received funds, ,he should be recalled and another appointed in his place.” This provision had not been complied with. On the contrary, the paymaster had been furnished with additional funds, after he had made default, and was liable to be removed; and yet it was held that the surety was not discharged. I can see very little, if any, difference in principle between that case and the present.' The argument was quite as strong there as here, that compliance with the provisions of the act might have operated to save the surety from much of his responsibility. The Court, however, adhered to the general rule that the public is not to suffer by the laches of its officers.
Besides, if we are to look out of the act itself for reasons, growing out of its operation, why it should be held to be imperative, we must look at the whole act and at all the interests which it involves. The town has an interest here, entirely distinct from that of the public at large, or the people of the county. This interest is as much to be regarded as that of the' sureties. The county treasurer is in no respect the agent or representative of the town, and is not subject to its control. Section 13, above referred to, provides that no warrant shall be issued for the collection of any moneys payable to the officers of the town, “ without proof, by the oath of such town *512 officers, of the refusal or neglect of the collector to pay the same, or account therefor.” Mow, suppose the collector to have made default in paying over the sums directed to be paid to the officers of the town, and that these officers have made the necessary oath to authorize the issuing of a warrant, and yet the county treasurer neglects to issue it within the twenty days. Upon the theory of the defendants here, the town is entirely, remediless, and must lose-the whole tax, if so much remains unpaid, although the town is in no respect in default, as it could not compel the treasurer to act. This consideration shows, I think, the propriety of adhering, in this case, to the well-settled rule on the subject. It follows, from these views, that the provision in section 13, as to the time of issuing the warrant, should be held to be merely directory, and that a strict compliance, in that respect, is not essential to the liability of the sureties upon the bond.
This question was before this court in the case of Post v. Wicks, decided in December, 1861, and was disposed of in accordance with the foregoing conclusion. My attention was not called to that case until since the above was written.
There is a further question, which was not presented in the case of Post v. Wicks, viz.: whether proof that the defendants have been actually damnified by the omission of the county treasurer to issue the warrant in time, would change the result. If it would, I think the defendants proved enough upon the trial to entitle them to the benefit of the rule; But the authorities and arguments already adduced are, I think, decisive of this question. Those authorities proceed upon the ground that the public interests will not be permitted to suffer in consequence of the laches of a public officer. There is no case which tends to support the position taken by the defendants, except The People v. Jansen (7 John., 332). This case does not appear to have been followed, and seems hardly reconcilable with some of the later cases to which I have referred. But, conceding it to have been correctly decided, the principle . cannot, I think, be applied to the present case, for the reason, among others, that there was in the case of The People v. Jan *513 sen no collateral interest to be affected as that' presented by the towns in cases like this. It is no answer to say that there would be no loss by the town in this case, because the principle, if sound, must have a general application. The statute could not be construed as imperative in a case like this, and merely directory in a case where, otherwise, the town would be a loser.
My conclusion, therefore, is that the judgment of the Supreme Court should be affirmed.
Emott, J.
The case of Post v. Wicks, recently determined in this court, is decisive to show, if authority were needed, that the performance of the various acts, authorized or required of the county treasurer, for the recovery of moneys in the hands of a collector who had made default or refused to pay over taxes, collected by him, is not a condition precedent to the liability of the sureties in the collector’s official bond. Their undertaking is that the collector shall well and faithfully execute his duties as such collector, and not that they will make good his failure to pay over moneys which shall come to his hands, provided all the means for the collection of such moneys have been diligently and exactly used by the public officers entrusted with them. When Jewell, the collector of the town of Lancaster, failed to pay over the taxes which he had collected according to the exigency of his warrant, a breach occurred of the condition of his bond and his sureties were liable. ■ If that liability has been discharged, it must have been by matter subsequent, releasing them from their obligation.
In one of the opinions delivered in the case of Post v. Wicks, just referred to, some stress was laid upon the fact that there was nothing in that case to show that the delay or neglect complained of, had in any respect prejudiced the defendant. •In that particular, the present case differs from that, because there was here some evidence, that if the treasurer of Erie county had issued the warrant authorized by the statute against this collector, as soon as the law directed, he might have recovered some, if not the whole of his deficiency. But *514 the other opinion in the case referred to, asserts the distinct, and I think the correct doctrine, that these and similar provision of law, in regard to public officers, are intended for the protection of the public, and not for the security of sureties of these officers, and form no part of the contract with such sureties. The rule in regard to ordinary sureties, is' that they will be discharged where the creditor, after notice and a proper request, has neglected to prosecute the principal, and by his delay the collection of the debt from the principal- has. been rendered impossible, or the surety has lost his indemnity or security. In no case is a surety discharged by mere laches of the creditor, unless after a request to prosecute the principal. In the case of the People v. Jansen (7 J. R., 332), the neglect of the supervisors to prosecute defaulting loan officers, for a long period, and their indulgence and delay in the prosecution when it had been commenced, were admitted as a defence, and the provisions of the statute imposing prompt supervision and prosecution in such cases, seem to have been regarded as equivalent to a request by the sureties. But the doctrine of that case has been overruled by repeated decisions in our own courts, and a contrary rule laid down in the courts of the United States. (People v. Russell, 4 Wend., 570; Seymour v. Van Slyck, 8 id., 403; Albany Dutch Church v. Vedder, 14 id., 165-171; United States v. Kirkpatrick, 9 Wheat., 720; Same v. Van Zandt, 11 id., 184; Same v. Nicholl, 12 id., 505; Dox v. Postmaster-General, 1 Pet., 325; Locke v. United States, 3 Mass., 446.) These authorities must be regarded as having established the reasonable rule, that the directions of the public laws in such cases are not to be assimilated to a notice and request by a private surety for the prosecution of the principal, and that laches cannot be imputed to the State or people, for a failure on the part of these officers, to comply with such directions. These provisions of law are intended, as I have said, for the security and protection of the .government, and not for the benefit of the surety. The sureties for one public officer , will not be allowed to plead, in .their own discharge, the neglect of another to discharge a duty to the public. The matter upon *515 ' which evidence was given in this case constituted no defence to this bond, and the judgment in favor of the plaintiff must be affirmed, with costs.
All the judges concurring,
Judgment affirmed.