This bill is in the nature of a writ of scire facias, and its purpose is to revive a decree of this court entered in favor of the complainants against the defendants on October 4th, 1904. A levy under execution on this decree was made on certain personal property of defendants which was subject to a chattel mortgage prior in date to the entry of the decree. The property was not taken out of the possession of the defendants by the sheriff and was later sold to satisfy the chattel mortgage and did not bring the amount of that encumbrance. *Page 141 
A few years later, under an alias execution, levy was made upon a life interest of one of the defendants in certain real estate, and at the sheriff's sale one of the complainants bid $1,250 for it, more than enough to satisfy the decree. For some undisclosed reason the sale was not consummated and a resale was had, at which the same purchaser bid $100 for the life interest, and it was struck off to her and afterwards conveyed to her by the sheriff. These lands were, at the time of the sale, subject to a mortgage, which was afterwards foreclosed and the land sold. The property remained in the possession of the life tenant, one of the defendants, until after the foreclosure sale. The complainants never received any payment on acccount of the decree except the $100, the proceeds of the sheriff's sale of the life interest above referred to. Notwithstanding this, the defendants resist the revival of the decree, claiming that it is satisfied, first, by the levy on the personal property, and second, by the first sheriff's sale of the life interest in the realty which was not completed by the purchaser. It is obvious that the first contention cannot prevail, as the personal property levied upon was never removed from the possession of the defendants and was later sold to satisfy a prior encumbrance. The complainants got nothing from this transaction and the proofs disclose nothing to charge them with responsibility for this result. A levy on personal property under an execution is not an absolute satisfaction of the judgment. It is only a prima facie
satisfaction and this may be rebutted by showing that the property was never actually taken out of the possession of the debtor or that it was returned to him at his request. Hanness
v. Bonnell, 23 N.J. Law 159; Banta v. McClennan, 14 N.J. Eq. 120; Conway v. Wilson, 44 N.J. Eq. 457; Kinmouth v. White,61 N.J. Eq. 358; 34 Corp. Jur. 717 §§ 1101 et seq.
It is only where the rights of third parties intervene or where the transaction is tainted with fraud that the levy is considered a satisfaction.
As to the second contention, it is rather late, after the lapse of nearly twenty years, to urge any liability against the complainants for failure of the purchaser to complete her purchase at the sheriff's sale, notwithstanding that purchaser was *Page 142 
one of the complainants. If there had then existed any valid reason for compelling the purchaser to complete that sale, it is to be presumed that it would then have been used as a basis for appropriate action. No such reason is now shown and it must, in the absence of proof to the contrary, be presumed that the sheriff acted within his rights and in good faith in making a resale.
This case smacks of Jarndyce v. Jarndyce, and it is high time that there was an end to this litigation. For a history of previous litigation between the parties respecting the same subject-matter, see 70 Atl. Rep. 688; 82 N.J. Eq. 81; 84 N.J. Eq. 18; 85 N.J. Eq. 207; 86 N.J. Eq. 366. The defendants have apparently used every ingenuity known to the legal profession to avoid payment of what this court has decreed to be a just claim, and I am not disposed to further assist them in this design.
I will advise a decree in accordance with these conclusions.