Mr. Chief Justice Marshall
 

 delivered the opinion of the Court.—
 

 This suit was instituted against Gerrit L. Dox, a deputy master, and against his sureties, on a bond- given for the faithful performance of his duty. It was brought in the Court for the Northern District of New-York, and was removed, by writ of error, into the Circuit Court, sitting in the Southern District of N:ew-York, composed of the Associate Justice of this Court, and the Judge .of the Southern District. On the hearing, the Judges were divided in opinion upon three questions; which have been certified to this Court.—
 

 1st. Whether the District Court had jurisdiction of the cause.
 

 2d. Whether, by the facts appearing on the record, and admitted by the pleadings, or found by the jury, the sureties are exonerated, or discharged from their liability upon the bond so given by them, as set forth in the record.
 

 3d. Whether the said bond, from the facts found, or admitted by the pleadings, as appearing by the record, can, in judgment of law, be considered as paid and satisfied, or otherwise discharged.—
 

 1st. The question first to be considered, respects the jurisdiction of' the Court. The difficulties which were believed to attend it, when'this cause was adjourned, have been removed by the opinion of this Court, in the case of the Postmaster-General
 
 vs.
 
 Early. 12
 
 Wheat. 136.
 

 In that case, the question was fully considered, and deliberately decided. The time which intervened between the default of the’officer, and the institution of the suit, exceeded the time prescribed by the Act of Congress in that casetas well as this. Consequently, the circumstances of the two cases, are, in this respect, precisely the same. But the counsel for the Deputy-Postmaster says, that this point was not brought into the view of the Court, and has not been considered. The opinion of the Court, undoubtedly, did not take a view of .the question, whether the Postmaster-General possessed such an-interest in the cause, that it ceased to be a suit brought for the United States. This.inquiry was not made in terms, but could not have escaped observation,. • The Act of .Congress for' regulating the post-office establishment, does not, in terms, discharge .the obligors from the direoi claim of the United States on them, on the failure of the Postmaster-General to.commence a suit-against the
 
 *324
 
 defaulter, within the time it prescribes. Their liability therefore continues. They remain the debtors of the United States. The responsibility of the Postmaster-General himself, is super-added to, not substituted’for, that of the obligors. The object of the Act, is to stimulate the Postmaster-General to a prompt and vigilant performance of his duty,- by suspending over him-a penalty, to which negligence will expose him; not to annul the obligation of his deputy. Had the object of the Act been to favour the sureties, its language would have indicated that intention. If this construction be correct, the-obligors in this bond remain the debtors of the United States, and the super-added responsibility of the Postmaster-General, cannot affect the reasoning on which the jurisdiction of the Court was sustained, in the case of the Postmaster-General
 
 vs.
 
 Early.
 

 The second question proposed for the consideration of the Court, is, whether, on the facts appearing in the record, the sureties are discharged from their obligations.
 

 The breaches assigned, are-— •
 

 1st. That Gerrit L. Dox failed to ren ler accounts of his receipts and expenditures, as Deputy-Postmaster. .
 

 '2d. That he had failed to pay over, the moneys he had received,, over and above his commissions,- &c.
 

 The defendant pleaded — 1st.
 
 Non est factum.
 
 2d. That Ger-rit L. Dox did render true accounts, &c.; and 3d. That he did pay over the moneys- he received. The issues joined on these pleas, were.found for the plaintiff.
 

 The question arises on other pleas,-the issues on which were-found for the defendants; and which state, in substance, that Gerrit L. Dox was removed from his office on the 1st day of July 1816: That the Postmaster-General did not open an account against him, and make any claim and demand on him for the moneys received by him, as -Postmaster, until the 1st .day of July 1821: That at the time of his removal from office, he was solvent- and able to pay his debts, and continued so until the 1st day of July 1819, after which he became insolvent, and continues to be so. These pleas, also state, that the Postmaster-General, well knowing that Gerrit L. Dox had neglected and refused to pay over the moneys due from him, as Postmaster, at the,end of every quarter, &c., did not commence a -suit until August 1821.
 

 These faGts, placed on. the record without explanation, must be admitted- to show a gross neglect of duty on the part of the Postmaster-General. Does this’neglect discharge the sureties from their obligations?
 

 The condition of the bond is broken, and the obligation has become absolute.
 

 Is the claim of the United States upon them, released by the
 
 *325
 
 Jaches of the officer, to whom the assertion of that claim was .intrusted ?
 

 This question, also, has been settled in this Court.
 

 The case of the-United States vs. Kirkpatrick & others, 9
 
 Wheat.
 
 720, was a suit instituted on a bond, given by a collect- or of Direct taxes and Internal duties, under the Act of 22d July, 1813, ch. 16. The Act required each collector to transmit his accounts to the Treasury monthly; to pay over the moneys collected quarterly; and to complete his collection, pay over the moneys collected to the Treasury, and render his final account within six months from the day on,which he shall have received the collection list from the principal assessor. In' case of failure, the Act authorizes and requires the comptroller of the Treasury, immediately, to issue his warrant-of distress against such delinquent collector,- and his sureties. The comptroller did not issue his warrant of distress according to the mandate of the law; and this suit was instituted four years after such warrant ought to have been issued.
 

 The Court left it to the jury to decide whether the government had not,, by this omission, waived its resort to the sureties. A verdict'was found for the defendants; the judgment bn which was brought before this-Court by writ of error.
 

 The counsel for the defendant urged that laches might be imputed to the government,' through the negligence of its officers;. but this Court reversed the judgment, declaring the opinion that the charge of the Court below, which supposes tl\at. laches will discharge the bond, cannot be maintained in law. ‘.‘The Utmost vigilance,” it was said, “ would not save the public from the most serious losses, if the doctrine of laches can: be applied to its transactions. It would, in effect, work a-repeal of all its securities.” It was further.'said, that the.provisions of the law which require that settlements should be made at short and stated periods, are created by-the government for its own security and protection; and to regulate the conduct of its own officers. They are merely directory to such officers, and constitute no part of the contract with the security. After a full discussion of the question, the Court-laid down the principle, “that the mere laches of the public officers, constitutes no grounds of discharge in the present case.” The same question came on to be again considered in the case of the United States vs. Vanzandt, 11
 
 Wheat.
 
 184.
 

 This was an action of debt brought up on a paymaster’^ official bond, against one of the sureties. The act for organizing the general staff, and making further provision for the army of the United States, “makes it the duty of the paymaster to render his vouchers to the Paymaster General, for the settlement ■ of his .accounts;” and if he fail to do so, for more than six
 
 *326
 
 months after he shall have received funds, the act imperatively enjoins “ that he shall be recalled, and another appointed in his place.” . The paymaster had failed to comply with the requisites, of the law;, after which the Paymaster General, instead'of obeying- its mandate, by removing him, placed further funds in his hands. The Circuit Com«. instructed the jury, that the defendant, the surety, was not chargeable for any failure of the paymaster to account for such additional funds, so placed in his hands after his said default and neglect in respect of the funds previously received were known; and a verdict was fouiid for the defendant. The judgment on this verdict, was also brought before the Court by a writ of error, .and was reversed. .
 

 The Counsel for the defendant contended, that this case differed from the United States
 
 vs.
 
 Kirkpatrick and others; but the Court said “ The provisions in both laws are merely directory to the officers, and intended for the security and protection of government, by ensuring punctuality and responsibility; but they form no part of the contract with the surety.” The. placing further funds in the hands of the defaulting paymaster, was considered as the' necessary consequence of his continuance in office. • This is certainly a very strong case. These two cases seem to fix the principle, that the laches of the officers of the government, however gross, do not of themselves discharge the sureties in an official bond, from the obligation it creates; as firmly as the decisions' of this Court can fix it. We think they decide the question now under consideration.
 

 The third question is, whether the bond can, upon the facts of the case, be considered in judgment of law, as paid and satisfied, or otherwise discharged. If this question was founded on the time which was permitted to elapse before the institution of the .suit, the answer must be in the negative. The bond was executed on the 1st day of January 1816, the Postmaster was removed from office on the 1st day of July, in the.same year; and this suit was instituted in August 1821. But-little, more than five’ years intervened, between the time when the sum due. from the principal in the bond was -ascertained, and the institútion of the suit. The presumption of payment has never been supposed to arise from length of time in such a case, even between individuals; much less,, in the case of'the United States, where all payments are placed on that record which must be kept by the officers of government. An additional reason exists against the presumption ' in this case. Length of time, is evidence to be laid before the jury on the plea of payment. The pleas on-which this presumption is supposed to arise, not. only do .not allege payment, but presuppose that payment has not been made, which failure they ascribe, to
 
 *327
 
 the laches of the Postmaster-General. In such a case, there Gan be no ground for presuming payment and satisfaction.
 

 That part of the question which is general, and which refers it to the Court to decide, whether the bond has been “ otherwise dischargedis understood to be a repetition of the second question,- and to be answered in the- answer given to that question.
 

 This Court is of opinion, that it be certified to the Circuit Court of the United States,-for the Southern district of New-York.—
 

 1. That the District Court had jurisdiction of this cause.
 

 2. That the sureties arc not exonerated from their liability, upon the bond given by them, as set forth in the record.
 

 3. That the said bond cannot be considered, in judgment of law, as paid and satisfied,, or otherwise discharged.
 

 This cause came on, See., on consideration whereof, This' Court is of opinion — 1. That the District Court of the northern district of New-York, had jurisdiction of the said cause, 2. That the sureties to the bond on which the said suit was instituted, are not exonerated or discharged from their liability on the said bond, by the facts appearing on the record, and admitted by the pleadings, or found by the jury. 3. That the said bond cannot, from the facts found or admitted by the plead-. ings, or appearing by the record, be considered, in judgment of ■ law, as paid and satisfied, or otherwise discharged. All which is directed to be certified to the Circuit Court of the United States for the southern district of New-York, in the second circuit.