# The Commonwealth *versus* Brice.

1. The principle that the public is not chargeable with the negligence of its officers in matters of account, even as against sureties, is applicable to the case of a county or to *county commissioners*. Remark in Glover *v.* Wilson, 6 *Barr* 293, commented on.

2. Where a sheriff was liable to the county for fines and jury fees received by him, it was *Held*, that the sureties in his official bond were not discharged by reason, that after his account for the same had been settled by the county auditors and the balance due by him for the same ascertained, the county commissioners had given to him checks to an amount exceeding the said balance, which were paid to the county treasurer without deducting the amount of his indebtedness.

ERROR to the Common Pleas of *Washington county.*

This was a case stated in which The Commonwealth of Pennsylvania for use of John Birch and others, commissioners of Washington county, were plaintiffs, and James Brice and others, sureties of A. G. Marshman, late sheriff of Washington county, were defendants.

[Commonwealth *v.* Brice.]

The following case was agreed upon.

A. G. Marshman ·was *elected sheriff* of Washington county in October, 1846, and gave bond in the usual form, dated 19th of October, 1846, with the defendants as his sureties.   The books of the county auditors show, that at the annual settlement made on the first day of January, 1847, the said Marshman was indebted to the county, for fines and jury fees received by him, in the sum of $125.33.   At the settlement made on the first of January, 1848, he owed $381.24; on the 1st of January, 1849, $614.24; and on the 1st of January, 1850, $827.24, upon which there is a credit of $492.19, made up of checks given by the commissioners to the said Marshman, after his term of office had expired, and retained by the treasurer of the county, by the direction of the commissioners of the county, endorsed on said checks and applied to his account, thus reducing the amount of the indebtedness to $335.05.

The auditors' books also show that up to the 1st of January, 1847, the said Marshman had drawn from the county treasury the sum of $38.46, upon checks drawn in his favor by the commissioners.   From the latter period until the 1st of January, 1848, he had drawn the sum of $1158.54; from this time until the 1st of January, 1849, the sum of $712.29; and from the 1st of January, 1849, till the 1st of January, 1850, the sum of $1037.74; making the aggregate amount of moneys received by him from the county, $2952.63.

The last fines and jury fees received by the said sheriff, and with which he is charged, were received by him on the 29th and 30th of August, 1849, and amount to the sum of $28.

A statement, showing more particularly the amounts and dates of the several checks received by the said Marshman, and also the amounts with which he is charged upon the auditors' books, is submitted herewith, and made a part of the case stated.

If upon this statement of facts the Court should be of opinion that the plaintiffs have any legal claim upon the defendants, then judgment to be entered in favor of plaintiffs for such a sum as they may be entitled to recover.   But if the Court should be of a different opinion, then judgment to be entered for the defendants.

Both parties reserving the right to be heard in the Supreme Court upon a writ of error.

Opinion of the Court :—

" ' The rule in equity is that where the creditor has the means of satisfaction either actually or potentially in his hands, and chooses not to retain it, but suffers it to pass into the hands of the principal, the surety can never be called on :' 8 *Ser. & R.* 452; 13 *Ser. & R.* 159.

"Sovereignties or governments and counties, must necessarily receive and disburse their revenues through agents.   The rule established in respect to governments is, that the neglect of their

agents will not create such an equity as will discharge sureties. To prove that their agents have been guilty of laches is to prove nothing: 1 *Harris*, Commonwealth v. Hahnlen. The only consideration then will be whether a county (which is a *quasi* corporation) is to be put on the footing of a government. The reason given for the exemption of a government would apply strongly to the case of a county. More than one in this Commonwealth, so far as revenue and population are concerned, are superior to some of the states of the Union, and employ nearly the same system in the collection and disbursement of revenue. But still a county is but a corporation, possessing none of the requisites of sovereignty. The exemption, therefore, to the rule in equity recognised in the case of The United States v. Kirkpatrick *et al.*, 9 *Wheaton* 720, and 1 *Harris*, will not apply to a county or county officers. The facts in the case stated discharged the sureties." Judgment for defendants.

It was assigned for error : 1. The Court erred in deciding "that a county was but a corporation, possessing none of the requisites of sovereignty, and that exemption from the rule in equity, recognised in United States v. Kirkpatrick *et al.*, 9 *Wheaton* 720, &c., will not apply to a county or county officers." 2. In deciding that the facts in the case stated, discharged the sureties. 3. In giving judgment for the defendants.

*Watson* and *Montgomery*, for plaintiffs in error.—The general principle is that laches is not imputable to the United States or to the state of Pennsylvania. It was said that this maxim is founded not in their extraordinary prerogative, but upon public policy, as otherwise the public interests might suffer : United States v. Kirkpatrick, 9 *Wheaton* 720 ; 1 *Watts* 54, Commonwealth v. Baldwin. There is no reason which in this respect is applicable to *a state*, which is not applicable to *a county*. That laches in public officers, however gross, does not discharge a surety in an official bond, reference was made to 9 *Wheaton* 720, above cited; 11 *Id.* 184, United States v. Vanzandt; 1 *Peters* 326 ; 1 *Watts* 54 ; 6 *Barr* 136, Commonwealth v. Johnson; 1 *Harris* 617, Hahnlen v. The Commonwealth.

*McKennan, Gow,* and *Murdoch,* for defendants in error.— When the creditor has the means of satisfaction in his control but suffers it to pass into the hands of the principal, the surety is discharged, at least *pro tanto :* 8 *Ser. & R.* 457 ; 2 *Harris* 54 ; 13 *Ser. & R.* 159 ; 1 *Story Eq.* sec. 326 ; or when any act has been done by an obligee that may injure the surety : 4 *Vesey J.* 833. Though the United States or the state of Pennsylvania may be

excepted from the operation of the rule, it is by virtue of *their sovereignty ;* but it was contended that *counties* have no inherent sovereign power. In re Wilson, 4 *Barr* 164, it was decided that the neglect of the proper officers to give the notice required by statute, of a lien in favor of the Commonwealth, postponed its right. The Commonwealth is not interested in this case, and it is within the principle applied to the county in the case of Glover *v.* Wilson, 6 *Barr* 293.

The opinion of the Court was delivered by

Lowrie, J.—This suit is for the use of the county of Washington, against the sureties of a late sheriff, for fines and jury fees, collected by him. The defence is, that the county auditors had duly settled the sheriff's account, and found the balance due by him, and that, after that, for claims of the sheriff against the county, the county commissioners had given him checks to an amount exceeding the balance claimed in this suit, and that the same were improperly paid at the treasury, without deducting the amount of his indebtedness.

The Court below held that the principle that the public is not chargeable with the negligence of its officers in such cases, even as against sureties (6 *Bin.* 292; 13 *State Rep.* 617 ; 9 *Wheaton* 736 ; *Id.* 188 ; 12 *Id.* 509 ; 1 *Pet.* 325), does not apply to the case of county officers; and that the sureties were discharged by the neglect of the commissioners to retain the money of the sheriff when they had an opportunity: 8 *Ser. & R.* 452; 13 *Id.* 159.

A remark was made in Glover *v.* Wilson, 6 *State Rep.* 293, that favors this distinction, but we do not know that it has received any other judicial countenance. Wilson's Case, 4 *State Rep.* 164, would seem to impinge upon the general rule, but it does not tend to establish the distinction insisted on here.

The fact that a county has certain rights recognised in law as its own, does not sever it as a body from the state; but only distinguishes it in the state, and as part of it, and allows local officers to enforce, in the name of the county, certain rights and duties which otherwise would have had to be enforced in the name of the state. The institution of local divisions is merely a means of government, and counties and their officers are but parts of the machinery that constitute the public system. This form of administration is no more a division of the government, than is the allotment of particular localities, or particular functions, to what are usually called state officers.

Besides this, it is inherent in the very nature of the case that the sureties of an officer, who has been guilty of a breach of duty, cannot make any subsequent and consequent neglect of another officer the foundation of a claim that they should be discharged.

If they could, then those who have engaged against the primary breach of duty, would be allowed to throw the liability for it upon him who committed the consequential one of neglecting to compel its correction, and to make him stand as if he had in this neglected a duty to the sureties of another officer, when he owed the duty, not to them, but to the public only. If the sheriff's sureties are discharged, then the commissioners are liable, and thus they who owed no duty to the sureties and transgressed none, would be substituted to their liabilities as if they had. But it is not so. The commissioners are liable if the county, whose officers they are, loses by their neglect; but that cannot be, so long as the security taken for the performance of the sheriff's duty is sufficient.

Judgment reversed, and judgment for the plaintiff for $412 and costs.