*Court of Common Pleas, Dauphin County, July 11th,* 1859.

### COMMONWEALTH *v.* COOVERT.

The accounts of a county treasurer were settled by the auditor-general of Pennsylvania, a balance found against him, and a transcript sent to the proper county to be filed; the prothonotary entered it up by mistake for a much smaller sum, and subsequently judgments were filed covering all the defendant's real estate. Held, in a suit against the surety, that this was no defence for him. In a suit by the commonwealth upon a bond for the faithful performance of the duties of an office judgment can be taken for want of an affidavit of defence (Dauphin and Susquehanna Coal Company *v.* Dasher et al. (*ante,* 148) distinguished).

BY THE COURT.—This suit was brought, April 9th, 1859. A narr and copy of account were filed with the præcipe. On the 23d of the same month an appearance was entered by counsel. On June 6th, 1859, the attorney-general entered judgment for want of an affidavit of defence, being more than thirty days after the return of the writ on April 25th, 1859. On the 20th of June a rule was obtained to show cause why the judgment should not be opened and the defendant let into a defence. Upon the same day an affidavit of defence was filed. On July 5th the defendant's counsel moved to strike off the judgment on the ground that it was irregularly entered, the claim not coming within the rule of court requiring an affidavit of defence. This last motion will be first considered. The copy of the claim filed shows that the action was brought on a bond given by John H. Rothrock, conditioned for the faithful performance of his duty as treasurer of Lycoming county, in which the defendant was one of the sureties. The narr assigns as a breach on the bond that the said Rothrock did not pay over the money received by him for the commonwealth, according to the terms of his bond and his duty as treasurer. We have already decided that such

instruments are not "bonds for the *payment of money*" within
our rule of court, but are for the performance of a collateral con-
dition. Dauphin and Susquehanna Coal Company *v.* Dasher et al.
(1 Pearson, 148). But is not this a good judgment under section 4
of the act of April 21st, 1846, and the laws to which it is supple-
mentary? The various acts provide for bringing suits on treas-
urers' and other bonds given by public officers, who are delin-
quent in paying money into the State treasury, and direct the
method of proceeding against them. If the attorney files his narr
with the præcipe, it is provided that judgment may be entered
in favor of the commonwealth, and the amount be liquidated by
the prothonotary, "unless before the expiration of thirty days from
the return of the writ the defendant shall have filed an affidavit of
defence, and shall have put the cause to issue." This applies to all
actions brought for the recovery of money due the commonwealth.

No copy of the claim is required to be filed; all that the law
demands is the filing of a narr, which is considered and presumed
to sufficiently state the cause of action; and the defendant must
meet that by his affidavit of defence, and plead issuably *instanter*.
The object manifestly is to give a summary remedy to collect the
State dues, as such causes have precedence over all others on the
trial list, and special courts are directed to be held for their dis-
position when necessary. I am of the opinion that the attorney-
general has a right to pursue the act of Assembly, and in this case
has pursued it; consequently, the judgment was regularly entered
under the act and cannot be disturbed. No injustice will proba-
bly be done in any case by sustaining suit under this act of As-
sembly on office bonds, as different laws require a previous settle-
ment of the officer's accounts, and the balance due to be fixed,
either by the county auditors or the accounting defendant, before
any action can be sustained. Particularly it is unlike other claims
pursued on bonds with a collateral condition, the amount ascer-
tained by the settlement being conclusive, unless appealed from.
Has any ground been laid for opening the judgment in this
case? If the parties to the bond have a good defence, it is our
duty to interpose the equitable power of the court to prevent
injustice. From the affidavit filed and the averments exhibited,
it appears that the account of Rothrock was settled in due form
of law by the auditor-general and State treasurer January 26th,
1856. A copy of the account was made out, certified by the
auditor-general January 30th, and transmitted to the prothonotary
of Lycoming county, who, on the 4th of February, 1856, entered
the same on the docket for the purpose of lien. In making the
entry an error was committed by the prothonotary, who filed the
whole account, showing a balance due the commonwealth of
$18,374.60; but docketed the same as $455.34, both on the lien
and appearance docket. After which judgments were entered

[Commonwealth *v.* Coovert.]

against Rothrock amounting to 3373.32, covering, as is said, his whole real estate. The error was not corrected until November 26th, 1857, after the entry of the other judgments. Through this mistake it is urged that a loss will fall on the surety; and had the lien been properly entered, the real estate of the principal would have been sufficient to pay the debt. No other defence is suggested. We consider that if all these facts were proved the defendant could obtain no relief. In the first place, there was no default on the part of the auditor-general, who transmitted a transcript of the balance due, as required by the acts of Assembly. If an error was committed, it was by the prothonotary of Lycoming county, who was not the officer or agent of the commonwealth. It was quite as much the duty, and much more to the interest of the surety to have this error in the record corrected than it was that of the State. They were as likely to know of its existence; and if they have suffered from a neglect of the prothonotary, they can look to that officer. It is a well-settled maxim of the law that the people shall not suffer from any neglect, oversight, or dereliction of duty on the part of public officers; and if no transcript of the balance due by the treasurer had been forwarded by the auditor-general to Lycoming county, it would have furnished no defence (4 W. C. C. Rep. 678; 9 Wheaton, 420; 11 Ibid. 184; 1 Peters, 318; 3 Penna. 437; 1 H. 617). The State had a lien on the property of the sureties by virtue of the balance struck at the department; and that lien could not be lost or affected by failing to enter the transcript against the principal.

Although the Supreme Court decided in 4 Barr, 164, that the lien could only be obtained against the property of the principal by pursuing section 4 of the act of April 16th, 1827, and that any *"neglect"* of the public officer caused the State to lose the lien, I am disposed to think differently. The lien was created by former laws, was general throughout the commonwealth, bound all of the property belonging to the debtor wherever situated, and none is created by the act of 1827. The case also runs counter to the settled principles securing the rights of the State, notwithstanding the neglect of her officers; and so I consider also the case in 10 Barr, 405, in regard to sureties. The point is unimportant in the matter under consideration, and is thrown out to exclude any conclusion that the sureties have suffered by a failure to file the transcript. No legal or equitable defence has been shown; both motions must be overruled and the rules discharged.

*Knox, for plaintiff.*

*Casey and Brown, for defendant.*