Casey, Ch. J.,
dissenting:
In my opinion tlxe marginal note was a part of the contract. That gave the United States the right to order the vessel to another port to discharge her cargo. And in that light the going out of the harbor was but a continuance of the voyage, under the stipulated terms of affreightment, contained in the bill of lading. By these terms only the war risk was to be borne by the United States, and, as a matter of course, the marine risk by the owner. The injury in this case resulted solely from a peril of the sea, as its proximate cause. There is, therefore, nothing in the contract upon which the United States can be held liable for these damages. If liable at all, it must be upon some other ground.
If, on the other hand, as the majority of this court holds, the marginal note is no part of the contract, and the voyage was ended, then the action of the quartermaster at Hilton Head was totally unauthorized. Being illegal, and without any right or authority, the United States are in no manner responsible for anything growing out of such acts. It was simply a trespass on the part of the officer. And for the mistake, neglect, misfeasance, or malfeasance of their agents and officers the United States are not liable. Sto. on Ag., § 307 United States v. Kirlcpatrieh, (9 Wheat., 249;) United States v. Van Zandt, (11 Wheat., 187;) Dox v. The Postmaster General,. (1 Pet., 318;) United States v. Nichols, (12 Wheat., 509;) United States v. Boyd, (15 Pet., 208;) United States v. Buchanan, (8 How., 103;) Commonwealth v. Baldwin, (1 Watts, 54.)
If even the United States were liable for the wrongs and injuries inflicted upon individuals by their agents and officers,, this court has no jurisdiction to entertain and try such a case.
On every ground, I think, the judgment should be for the defendants.