### UNITED STATES v. ADAMS et al.

(Circuit Court, D. Nevada. November 7, 1892.)

UNITED STATES MARSHAL—BOND—LIABILITY OF SURETIES—LACHES.
    The failure of the United States to present their claim against the estate of a deceased United States marshal constitutes no defense to an action against the sureties on his official bond. Laches can never be imputed to the government in any case brought to enforce a public right.

At Law. Motion to strike out averments in answer. Granted.

J. W. Whitcher, U. S. Atty.

Clayton Belknap, for defendants.

HAWLEY, District Judge. This is an action against the sureties on the official bond of Thomas E. Kelley, as United States marshal for this district, to recover the sum of $2,339, alleged to be due the plaintiff. The defendants, in their answer, among other things, allege that at the time of the death of Kelley, in July, 1888, his estate was valued at $1,483.14; that this amount was insufficient to pay his debts; that during the time the estate was in process of settlement the plaintiff was notified that said estate was being settled, and plaintiff was requested to present any claim which it might have against said Kelley; that the plaintiff failed and neglected to present any claim to the administrator of the estate; that by reason of the carelessness and negligence of the plaintiff the preference and priority of payment of the United States (Rev. St. U. S. § 3466) was wholly lost, and the entire estate was distributed to other creditors, and defendants were prevented from exercising the right of subrogation. Plaintiff moves to strike out these averments upon the ground that the facts therein stated, if true, constitute no defense to this action. Defendants, in opposition to the motion, rely upon the doctrine announced in U. S. v. Flint, 4 Sawy. 43, and U. S. v. Beebe, 17 Fed. Rep. 37, to the effect that when the United States voluntarily appears in a court of justice it at the same time voluntarily submits to the law, and places itself upon an equality with other litigants. But this statement is always qualified by the rule that neither the statute of limitations nor laches will bar the government of the United States as to any claim for relief in a purely governmental matter. U. S. v. McElroy, 25 Fed. Rep. 804; U. S. v. Southern Colorado Coal & Town Co., 18 Fed. Rep. 273. "The United States are not bound by any statute of limitations, nor barred by laches of their officers in a suit brought by them as sovereign, to enforce a public right, or to assert a public interest; but where they are formal parties to the suit, and the real remedy sought in their name is the enforcement of a private right for the benefit of a private party, and no interest of the United States is involved, a court of equity will not be restrained from administering the equities between the real parties by any exemption of the government, designed for the protection of the rights of the United States alone." U. S. v. Beebe, 127 U. S. 338, 8 Sup. Ct. Rep. 1083.

The general rule that laches is not imputable to the government is essential to the preservation of the interests and prosperity of the public. It is founded upon public policy. Any other doctrine would be ruinous in the extreme. The government can only transact its business by and through its officers and agents, and its fiscal operations are so various, and its agencies and officers so numerous and scattered, that the utmost vigilance would not save the public from the most serious losses if the doctrine of laches could be applied to its transactions. The supreme court of the United

States has uniformly and repeatedly declared that in a case like the present one laches cannot be set up against the government. U. S. v. Kirkpatrick, 9 Wheat. 735; U. S. v. Van Zandt, 11 Wheat. 190; U. S. v. Nicholl, 12 Wheat. 509; Dox v. Postmaster General, 1 Pet. 318; Gibson v. Chouteau, 13 Wall. 99; Gaussen v. U. S., 97 U. S. 584; U. S. v. Thompson, 98 U. S. 489; Steele v. U. S., 113 U. S. 129, 5 Sup. Ct. Rep. 396; U. S. v. Nashville, C. & St. L. Ry. Co., 118 U. S. 125, 6 Sup. Ct. Rep. 1006; U. S. v. Insley, 130 U. S. 263, 9 Sup. Ct. Rep. 485. The motion to strike out is granted.