## UNITED STATES v. DRIELINGER et al.

District Court, S. D. New York. April 11, 1927.

1. **Principal and surety ⬤�top123(1)—Surety generally is primarily liable, and not entitled to notice of principal's default.**

In general, a surety is primarily liable, and is not entitled to notice of default of the principal.

2. **Internal revenue ⬤�top23—Sureties on bond to secure payment of tax, pending claim for abatement, held not discharged by failure to give them prompt notice of default, or to commence action against principal prior to its bankruptcy.**

A bond given to secure payment of sales tax pending a claim for abatement, reciting that the taxpayer, as principal, and the other signers, as sureties, were "jointly and severally" bound for payment of so much of the tax as should be found due, held a contract of suretyship and not of guaranty, and the sureties held not discharged by failure to give them prompt notice of principal's default, or to commence action against it prior to its bankruptcy, several months after demand for payment was made.

3. **Internal revenue ⬤�top28(1)—Delay of Commissioner in acting on offer of compromise held not to operate as acceptance (Comp. St. § 5952).**

Failure of the Commissioner of Internal Revenue for 2½ years to act on an offer of compromise, under Rev. St. § 3229 (Comp. St. § 5952), and retention meantime of a deposit made with the offer, held not to effect an acceptance, nor to estop the government from enforcing payment of the tax.

At Law. Action by the United States against Morris Drielinger and Gustave Henry. Judgment for the United States.

Emory R. Buckner, U. S. Atty., and Ernest Lappano, Asst. U. S. Atty., both of New York City.

Olvany, Eisner & Donnelly, of New York City (Merwin Lewis, of New York City, of counsel), for defendant Drielinger.

GODDARD, District Judge. This action is brought by the United States against the defendants to collect on a bond executed by them on the 15th day of May, 1923. Trial by a jury of 12 was waived, and trial by a jury of one had, and both sides have respectively moved for a direction of a verdict in their favor.

On the February, 1923, list of the United States Commissioner of Internal Revenue, H. Zierler, Lambrose & Co. were listed for $44,064.05 for sales taxes accruing during the period from March, 1919, to December, 1921, with penalties and interest. H. Zierler, Lambrose & Co. desired to file a claim to abate this tax, which they said was incorrect, and as a condition for withholding or deferring the collection of the tax the Commissioner of Internal Revenue consented to accept and did accept a bond in the penal sum of $15,000, pending the determination of the claim in abatement filed by the said taxpayer. This bond was duly executed by the defendants, Morris Drielinger and Gustave Henry, and filed with the Commissioner of Internal Revenue. It reads as follows:

"Know all men by these presents, that H. Zierler, Lambrose & Co., of 212 West Twenty-Ninth street, New York, N. Y., as principal, and Morris Drielinger, having an office and principal place of business at 467 Greenwich street, New York, N. Y., and Gustave Henry, having an office and principal place of business at 606 Fifth avenue, Brooklyn, N. Y., as sureties, are hereby and by these presents jointly and severally held and firmly bound unto the United States of America in the sum of $15,000 lawful money of the United States of America, for payment of which, well and truly to be made unto Frank K. Bowers, collector of internal revenue of the Second district of New York, or his successor in office, the parties hereto bind themselves, their heirs, executors, administrators, successors, and assigns.

"Signed and sealed this 15th day of May, 1923.

"The conditions of the above obligation are such that—

"Whereas, the said H. Zierler, Lambrose & Co. has been assessed a tax by the Commissioner of Internal Revenue in the principal sum of $44,064.05; and whereas, the said H. Zierler, Lambrose & Co. has filed or will file its claim in abatement against said tax:

"Now, therefore, if the said claim in abatement shall be denied in whole or in part by the Bureau of Internal Revenue, and upon notice and demand of the said Frank K. Bowers, collector of internal revenue, or his successor in office, the said H. Zierler, Lambrose & Co. pays to the said Frank K. Bowers, as collector of internal revenue, or his successor in office, the said tax, or such amount thereof as may be found due, together with such penalties and interest as may accrue thereon, then this obligation to be null and void; otherwise, to be and remain in full force and effect.

"H. Zierler, Lambrose & Co. [L.S.]
"By H. Zierler.
"Gustave Henry. [L.S.]
"Morris Drielinger. [L.S.]."

Then follows the respective acknowledgments and sworn statements of Drielinger and Henry that they are respectively worth over the sum of $30,000, exclusive of debts and exempt property.

Following are the facts leading up to the litigation:

On June 11, 1923, the firm of H. Zierler, Lambrose & Co. filed with the Bureau of Internal Revenue a claim in abatement of the tax referred to in the said bond, which claim was denied on December 14, 1923. Notice of said denial was forwarded by registered mail on December 15, 1923, to the firm, together with further demand for payment of the tax as assessed; that the tax has not been paid; that on March 28, 1924, an offer to compromise said tax, pursuant to the provisions of section 3229 of the United States Revised Statutes (Comp. St. § 5952), was made to the Commissioner of Internal Revenue by one Harry Zierler in behalf of said firm, which offer of compromise was accompanied by $3,000 in cash; that on the 30th day of October, 1926, this offer of compromise was rejected, the $3,000 in the meanwhile having been retained by the Commissioner of Internal Revenue, or his representative, the collector of internal revenue for the Second district of New York; that on July 24, 1924, the collector of internal revenue for the Second district of New York duly filed a notice of lien for the amount of said tax in the office of the clerk of the United States District Court for the Southern District of New York against the above-men-

tioned firm, pursuant to the provisions of section 3186 of the Revised Statutes of the United States as amended (Comp. St. § 5908); that on the 20th day of August, 1924, the said firm of H. Zierler, Lambrose & Co. became insolvent and bankrupt. On November 28, 1924, the United States had its proper representative notify the defendants of the rejection of said claim for abatement and demanded of them the sum of $15,000, the principal sum of the bond. That on May 19, 1926, proof of claim was filed by the United States of America with the referee, and said claim amended May 25, 1926. The correctness of the amount of the tax assessed is not attacked.

The defendant contends that the contract is one of guaranty, and analogous to a conditional rather than to an absolute guaranty of payment, and that the failure by the plaintiff, the United States, to give notice to the defendants of the default of the taxpayer until 11 months after the said default, discharged the defendants from liability on the bond; furthermore, that it was the duty of the government to prosecute promptly and diligently the claim against the taxpayer, and, having failed to institute a suit for a period of eight months before the bankruptcy occurred, they as guarantors, are thereby discharged. The defendant also urges that the offer of compromise made on May 28, 1924, by the taxpayer, accompanied by the check of $3,000, which was retained by the government for about 2½ years, is to be regarded as an acceptance by the plaintiff of the offer of compromise, and that the legal consequence thereof was to discharge the defendants on the bond.

The fundamental question here to be decided is whether the bond executed by the defendants was a contract of suretyship, or merely a guaranty of collection; for, as stated in Corpus Juris, volume 28, at page 891.

"A surety is an insurer of the debt or obligation, while a guarantor is an insurer of the ability or solvency of the principal. A strict guarantor is entitled to notice of his principal's default, while a surety is held to know every default of his principal, and is liable without such notice."

[1] As a general proposition of law, a surety is not entitled to notice of the default of the principal, for the reason that the surety is primarily liable, and is not discharged by the mere indulgence of the creditor to the principal, or by want of notice of the default of the principal. McIntosh-Huntington Co. v. Reed (C. C.) 89 F. 464. See, also, Brandt on Suretyship and Guaranty (2d Ed.) § 200; Douglass v. Howland, 24 Wend. (N. Y.) 35.

[2] It is therefore evident that, if the bond now under consideration was that of a surety, the direct obligation of the defendants was not affected by the government's failure to give them prompt notice of the nonpayment by H. Zierler, Lambrose & Co., to commence action against the taxpayer, or by the bankrupt of the taxpayer.

The bond reads that "H. Zierler, Lambrose & Co., * * * as principal, and Morris Drielinger * * * and Gustave Henry, * * * as sureties, are hereby and by these presents jointly and severally held and firmly bound unto the United States of America in the sum of $15,000, * * * for payment of which well and truly to be made unto Frank K. Bowers * * * the parties hereby bind themselves. * * * It then provides that, if the claim should be denied in whole or in part, so much as may be found due will be paid upon notice and demand. Clearly this is a joint and several obligation of the taxpayer and these defendants. It was an obligation, not that the taxpayer would pay, but that they themselves would pay if the claim was denied in whole or in part, and provided that notice of the rejection of the claim and demand for payment be given. The defendants were jointly and severally bound to pay the $15,000 unless the tax was abated, and were obligated to pay if and when notified of the rejection of the claim for abatement and payment was requested. Such notice and demand have been given them, and they have not paid.

[3] While it is true that on March 28, 1924, the taxpayer made an offer of compromise of $5,000, accompanying the offer with $3,000, and that the Commissioner of Internal Revenue did not reject the offer until December 30, 1926, meanwhile retaining the $3,000, I do not find facts which justify regarding this as an agreement to compromise by the government of its claim, or that the government is equitably estopped. This may be an unexcusable delay on the part of the government, but section 3229 of the Revised Statutes, referred to by counsel for the defendants, does not prescribe any period of time in which the Commissioner of Internal Revenue is to pass upon an offer of compromise. The rule laid down in Dox v. Postmaster General, 26 U. S. (1 Pet.) 318, at page 325, 7 L. Ed. 160, that a "claim of the United States * * * is not released by the laches of the officer, to whom the assertion of this claim is intrusted" cannot be disregard-

ed in considering the effect of the long delay in replying to the offer of compromise.

Accordingly a verdict for the sum of $15,000, together with costs, as demanded in the complaint, will be directed in favor of the plaintiff and against the defendant, Morris Drielinger, as he was the only defendant served.