## Becker et al. v. Upper Moreland Township School District et al.

*High, Dettra & Swartz*, for plaintiffs.
*Ditter & Menges*, for defendants.

CORSON, J., June 8, 1934.—This case comes before the chancellor upon bill, answer, and final hearing. The facts alleged in the bill are practically admitted by the answer. The motives of the directors, however, in doing certain acts complained of, are in issue, and it is the contention of the defendants that such acts were done in good faith, were legal, and were done without any intention to defeat

the limitations of the School Code, and for the best interests of the school district. . . .

### Discussion

Certain taxpayers of the School District of Upper Moreland Township, this county, filed their bill in equity, seeking to restrain the school district, and particularly three of its five directors from performing certain acts which the plaintiffs allege are contrary to law.

The matters complained of divide themselves into three general classes:

1. The payment to Loewen M. Olt of the sum of $1,800 as secretary of the school district;

2. The employment of Dr. Harold B. Shaw as school physician;

3. The purchase of liability and property damage insurance covering the operation of the school buses by the school district.

In discussing the first complaint, it appears that the school district is a school district of the fourth class, and that up to the school year 1932-33, it paid its secretary the sum of $480 per year. On or about July 1, 1932, apparently the beginning of the fiscal year 1932-33, the school directors, by the required vote, fixed their budget for such fiscal year. In such budget, the board allowed "$800 as salary of secretary; $600 as salary of purchasing agent, and $400 for salary of secretary to supervising principal".

At the same time, Loewen M. Olt, a member of the school board, was appointed secretary at a salary of $880 per year, $80 of which was due him as balance of salary for the year before. The same Loewen M. Olt was also appointed as purchasing agent of the board in making all purchases in amounts less than $100, at a salary of $600, and also secretary to the supervising principal at a salary of $400.

Under this state of affairs, Loewen M. Olt, a member

of the school board, occupied three positions and would have drawn three salaries totaling $1,800 per year. This was, of course, illegal under the School Code of May 18, 1911, P. L. 309, sec. 226, which provides: "No school director shall, during the term for which he was elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district except as provided in this act."

The only office that a school director can hold under such school district and the only services for which he can receive pay are the offices of secretary or treasurer: School Code of May 18, 1911, P. L. 309, sec. 303, as amended by the Acts of May 20, 1921, P. L. 972, May 9, 1923, P. L. 178, June 18, 1923, P. L. 839, and April 7, 1927, P. L. 170.

The directors voting to elect Mr. Olt to the three positions, and fixing his salary for such positions, were: Herman B. Behrens, Frank C. Valentine, and Loewen M. Olt himself. The two remaining members of the board, Maud H. Leming and Edwin Y. Bready, apparently voted in opposition to the majority of the board.

On July 5, 1932, the three members of the board who elected Mr. Olt to the three positions already mentioned apparently realized the illegality of their actions and attempted to correct their mistake and to take such action as would make it possible for Mr. Olt to receive the total salary for the three positions. This resolution, as set forth in full in the answers of Messrs. Behren, Valentine, and Olt, to the bill, rescinds "all previous motions pertaining to the duties of the secretary of the board of school directors and salaries affixed for same".

It is apparent that, under this resolution, instead of giving Mr. Olt three positions with the salary of $1,800, the board, or at least the majority of the members thereof, attempted to place the duties of the three positions upon the secretary alone and then to raise the sal-

ary of the secretary to cover the salaries of the three positions. This, of course, cannot be done. If it is illegal for Mr. Olt to hold any other position than secretary and to obtain the salaries for such other duties, no amount of resolutions nor any plan or scheme, no matter how ingeniously devised, can give the directors power to do something not authorized by statute: Schmeck v. Muhlenberg Township School Dist., 60 Pa. Superior Ct. 183.

"School districts are creatures of statutes and have only such powers as are thereby given": Morton Borough School District, 18 Del. Co. 84.

Even after the resolution of July 5th, under the terms of which the school district apparently paid Mr. Olt his salary of $1,800, the board was placed in the embarrassing position of having a budget item of $800 for secretary's salary for the year 1932-33 and a resolution fixing the secretary's salary for the same period at $1,800. In order to pay the increased salary, the board was forced to use the $600 budgeted for purchasing agent and the $400 budgeted for secretary to the supervising principal to make up the secretary's salary of $1,800.

Section 513 of the School Code, supra, provides:

"The amount of funds in any annual estimate made by any school district in this Commonwealth, at or before the time of levying the school taxes, which is set apart or appropriated to any particular item of expenditure, shall not be used for any other purpose or transferred, except by resolution of the board of school directors, receiving the affirmative vote of two-thirds of the members thereof."

Apparently, three members of the board, including Mr. Olt himself, were in favor of giving Mr. Olt the salary of the three positions given him under the resolution of July 5, 1932. The minority members of the board, however, were apparently opposed to such action and could not be relied upon to support a motion to transfer funds budgeted for the purchasing agent and secretary to the

supervising principal to the payment of the secretary's salary. Diversion of such moneys from the budgeted items without the required two-thirds vote would seem to have been illegal and without sufficient warrant. It would seem that the prayer of the bill that the board be restrained from employing Mr. Olt as anything except secretary of the board must be sustained.

The second question is whether or not the board had the statutory authority and right to employ Dr. Harold B. Shaw as a resident school physician. By another resolution, the board, on October 10, 1932, resolved to appoint and employ Dr. Shaw at a salary of $4 a day, to begin November 1, 1932, "to cooperate in the promotion of health in the schools of Upper Moreland Township". The preamble to the resolution recites that the health service provided by the medical inspector appointed by the State Department of Health and the school nurse appointed by the school district was inadequate, and required the appointment of Dr. Shaw.

From the evidence, it would appear that no complaint was ever made to the State Department of Health as to inadequacy of the service rendered by the medical inspector appointed by the State Department of Health, and apparently such preamble is for the purpose of strengthening the hands of the school board in appointing Dr. Shaw rather than because of any honest belief that his services were really necessary to make up for the inadequate service rendered by the State inspector.

Section 1503 of the School Code provides that, in every school district of the fourth class, the State Department of Health shall provide medical inspection for all pupils in the public schools by medical inspectors to be appointed by the State Commissioner of Health, at the expense of said department. Other sections of the code define the duties of the medical inspector, and section 1508 authorizes the engagement of a school nurse in any district.

Under these sections of the code, the right to appoint

a medical inspector is clearly taken away from the school district and placed in the hands of the State Department of Health. The school board, therefore, was without authority to appoint Dr. Shaw, and, under the code, payment of his salary was an improper and illegal payment.

Under the testimony of all the witnesses, including Dr. Shaw himself, he merely came to the school for a short time every day for the purpose of seeing that the classrooms were clean, that the children were free from lice, and to perform an ordinary inspection of the children and the school buildings. Dr. Shaw did state that on one occasion at least he treated an accidental injury that had occurred on the school property. The very fact that the school board appointed Dr. Shaw because of the inadequate service rendered by the State doctor would seem to indicate that Dr. Shaw was to perform the duties which the State doctor had failed to perform.

It would seem to be clear that the power to appoint such a doctor being in the State Department of Health, the school board cannot appoint and pay another doctor upon the mere statement that the State doctor is not performing his duties. The appointment of Dr. Shaw, being without any statutory authority, cannot be sustained.

The third question is whether or not the school district was justified in paying for liability and property damage insurance covering the operation of the school buses. If there is any liability imposed upon the school district for the negligent operation of such school buses by the operators thereof, then the school district would have an insurable interest, and the insurance against such liability would seem to be proper. The cases seem to hold, however, that a school district is an agency of the State and is not a municipality within the meaning of The Vehicle Code, or apparently any other statute imposing liability upon townships, boroughs, and other municipal corporations.

In the admitted absence of any statute imposing liabil-

ity for the negligent operation of school buses upon the school district, such school district cannot be held liable for the negligence of the school officers in the discharge of their duties: Rosenblit v. City of Philadelphia, 28 Pa. Superior Ct. 587; Commonwealth v. Brice, 22 Pa. 211; Elliott v. City of Philadelphia, 75 Pa. 347; Donovan v. The Board of Education of the City of New York, 85 N. Y. 117; Ford v. Kendall Borough School District, 121 Pa. 543.

In the Ford case, supra, Mr. Chief Justice Gordon said (p. 547) : "We may assert positively, and without hesitation, that school districts are but agents of the commonwealth, and are made quasi-corporations for the sole purpose of the administration of the commonwealth's system of public education."

There being no liability upon the school district to be insured against, obviously there would be no need for insurance, insuring against a liability that does not exist. Any policy of insurance insuring the school district against liability would be insuring against a liability that does not exist and cannot arise. The operators of the school buses, however, would be personally liable for the negligent operation of such buses and for the protection of the children riding in such buses.

Without herein deciding that question, it may be that the school district would be justified in obtaining liability insurance covering the operators of the school buses.

The question is raised whether or not in this proceeding a decree should be entered directing the three directors voting for illegal expenditures to repay the amount so expended to the treasurer of the school district. We agree with the contention of the plaintiffs that ordinarily, when equity takes jurisdiction for one purpose, it takes jurisdiction for all. However, in the present case it is in the record and found as a fact that the defendants have already been surcharged by the township auditors for the expenditures here complained of, and an appeal from

such surcharge is now pending before the law side of the court.

In deciding such appeal in the appeal proceedings, the defendants may have greater rights than they would have in the present equity proceedings. To decide the question of surcharge in this proceeding might prejudice the rights of the defendants. For that reason and the further reason that the law side of the court has already taken jurisdiction, equity should not interfere. The questions of surcharge raised in the present proceedings are therefore not passed upon or decided.

Upon the testimony and the findings of fact, the chancellor reaches the following

### Conclusions of law

1. The employment of Dr. Harold B. Shaw as a medical inspector, school or resident physician, was illegal. There is no authority in the School Code for such employment or appointment.

2. All moneys paid by the school district to Dr. Harold B. Shaw for such services were illegal expenditures of school funds.

3. A school director cannot be appointed to any office, or employed in any capacity, except as president, secretary or treasurer of the school district: School Code sec. 303, as amended by the Acts of May 20, 1921, P. L. 972, May 9, 1923, P. L. 178, June 18, 1923, P. L. 839, and April 7, 1927, P. L. 170.

4. A school director of a fourth-class district cannot, during the term for which he was elected, be employed in any capacity by the school district or receive any pay for services rendered to the school district, except as provided by the School Code, sec. 226.

5. The employment by the school district of Loewen M. Olt as a purchasing agent and the payment to him of a salary or compensation for such services were illegal.

6. The employment of Loewen M. Olt as secretary to

the supervising principal and the payment to him of a salary or compensation for such services were illegal.

7. The payment to Loewen M. Olt of the sum of $600 for services rendered as a purchasing agent for the year 1932-33 was an illegal expenditure of school funds.

8. The payment of $400 to Loewen M. Olt for services rendered as secretary to the supervising principal was an illegal expenditure of school funds.

9. Any and all payments made to Loewen M. Olt as secretary of the board, or for any purposes whatsoever, during the year 1932-33, over and above the sum of $880, the amount appropriated for payments to be made to him, were illegal.

10. The purchase by the school district from E. V. Schiesser of insurance against public liability resulting from the operation of school buses, there being no liability accruing to the school district by reason of the operation of such buses, was unnecessary, unlawful, and wasteful.

11. The moneys unlawfully expended by the school district for the services of the said Dr. Shaw, all moneys paid to the secretary over and above the appropriations therefor, and the sum of $218.76 paid for liability insurance, shall be repaid by the directors, Messrs. Behrens, Valentine, and Olt, who alone voted for the same, to the school district.

12. The plaintiffs are entitled to an injunction restraining the defendants from employing a medical inspector or school physician, and making payment for his services; from hereafter engaging or employing any one of its members as a purchasing agent; from making payment of school funds for such services; and from employing any one of its members as a secretary to the supervising principal, and making payment of any school funds for such services.

13. The costs should be paid by the defendants Her-

man B. Behrens, Loewen M. Olt, and Frank C. Valentine.

14. The following decree should be entered:

And now, June 8, 1934, after final hearing, it is ordered, adjudged, and decreed that the prothonotary mark these findings of fact and conclusions of law filed, thereafter to become a part of the record of the case, and that he enter the following

## Decree nisi

It is ordered, adjudged, and decreed that an injunction issue restraining the school directors of the School District of Upper Moreland:

1. From employing Dr. Harold B. Shaw, or any other physician, as a school physician.

2. From employing Loewen M. Olt in any other capacity than as a secretary of said board, and from the payment to him of any salary greater than $800.

3. From paying Loewen M. Olt any moneys from any items in the budget other than the item providing for the salary of the secretary.

4. From the purchase of any liability and property damage insurance insuring the school district as such against any liability for damages caused by the negligent operation of the school buses of such district.

It is further ordered, adjudged, and decreed that the defendants, Herman B. Behrens, Loewen M. Olt, and Frank C. Valentine, pay the costs of this proceeding. ·

The prothonotary is further ordered and directed to give counsel in the case notice as required by the rules of equity practice that, unless exceptions thereto are filed within 15 days, the decree entered nisi will be entered as a final decree as of course.

## Opinion sur exceptions

CORSON, J., November 23, 1934.—The defendants have filed 25 exceptions covering the findings of fact, conclu-

sions of law, and decree nisi of the chancelor in the present case.

Before passing upon the individual exceptions, it may be well to discuss the main contentions upon which the defendants base their exceptions.

During the school year 1932-33, Loewen M. Olt, the secretary of the board, was first employed in three positions. These positions were secretary, purchasing agent, and assistant to the supervising principal. The appropriations for the year fixed $880 as the salary of the secretary, $600 to Mr. Olt as purchasing agent, and $400 to Mr. Olt as assistant to the supervising principal.

Almost before Mr. Olt had taken up his duties, the school board, or at least the majority of the members thereof, rescinded their action so far as awarding the salary of the purchasing agent and assistant to the supervising principal to Mr. Olt. They then raised Mr. Olt's salary as secretary to $1,800, but failed to change the appropriations, and paid him his salary as secretary out of the appropriations for purchasing agent and assistant to the supervising principal.

The payments to Mr. Olt of salary as secretary out of the budget items providing for salary for purchasing agent and assistant to the supervising principal were found by the chancellor to be illegal. As to the $400 item, the defendants admit that such payment was illegal, but they contend that the payment of the $600 to Mr. Olt out of the item for purchasing agent was legal.

The first question to be decided is whether or not Mr. Olt, a member of the board, could be paid a salary as purchasing agent of the board. Section 226 of the School Code of May 18, 1911, P. L. 309, provides: "No school director shall, during the term for which he was elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district except as provided in this act."

In order to justify any payments to Mr. Olt, it must be shown that the board was authorized under the provisions of the School Code, supra, to employ Mr. Olt and to pay him for the services rendered. Section 513 provides:

"The amount of funds in any annual estimate made by any school district in this Commonwealth, at or before the time of levying the school taxes, which is set apart or appropriated to any particular item of expenditure, shall not be used for any other purpose or transferred, except by resolution of the board of school directors, receiving the affirmative vote of two-thirds of the members thereof."

Section 303 of the School Code provides that in every school district the school directors shall have the power to elect a secretary, to fix the salary therefor, and, in districts of the third and fourth class, the secretary may be a member of the board. This provision would allow the board, as it did, to appoint Mr. Olt as secretary and to provide a salary for his performance of such duties.

The School Code provides, after setting forth various duties of the secretary: "He shall have general supervision of all the business affairs of the school district, subject to the instructions and directions of the board of school directors": section 318; and "He shall perform such other duties pertaining to the business of the district as are required by this act or as the board of school directors may direct": section 322.

Section 706 of the code, as amended by the Act of May 4, 1927, P. L. 689, no. 348, further provides that "The board of school directors in any district may authorize or appoint the secretary of the board or other executive as purchasing agent for the district, with authority to purchase supplies of either class costing less than one hundred dollars ($100)."

Section 2804 provides as follows:

"Where, by the provisions of this act, any services or additional services are imposed upon any public official

for which no compensation is provided, the board of school directors of the proper district may, unless such service is required to be performed without compensation, pay out of the funds of the district such reasonable compensation for such services or additional services as it may determine, subject to the provisions of this act."

It is the contention of the defendants that under section 2804 of the code, supra, the authorization and appointment of Olt as purchasing agent for the district imposed additional services and duties upon Olt as secretary of the board and that, no compensation being provided for such duties in the act, the board of school directors was justified in paying reasonable compensation for such additional services performed by the secretary. With this contention we cannot agree. The position of the school directors is that they have employed Mr. Olt as a purchasing agent and can pay him a separate salary for such employment. Section 226 of the act, as already noted in this opinion, provides that "No school director shall . . . be employed in any capacity . . . or receive . . . pay for services rendered to the district except as provided in this act." The amending Act of 1927, authorizing the school board to *authorize* or appoint the secretary or other executive as its purchasing agent, does not authorize it to employ such secretary or executive, but merely gives the power to the board to delegate to its secretary or other executive the power of the board itself to purchase supplies in amounts under $100.

It may well be that, between meetings of the board, it sometimes becomes necessary in a school district to purchase certain supplies that may be immediately needed. It was no doubt the intention of the legislature in the amendment of 1927 to allow the board to authorize its secretary or other executive to bind the school district in the purchase of such needed supplies. In delegating its authority to the secretary to make purchases, we feel

that it was not imposing upon him any additional duties within the meaning of the Act of May 4, 1927, P. L. 689.

As already noted, it is the duty of the secretary to have general supervision of all the business affairs of the school district, subject to the direction of the board, and in addition he shall perform such other duties pertaining to the business of the district as are required or directed by the board of school directors. Under the authorization of the board, the secretary could have been directed to make all the purchases provided under the Act of 1927, supra, and such purchases would not have added in any way to the duties of the secretary already provided by the act.

Under section 322 of the code the board had the power to direct the secretary to make purchases for and on behalf of the board, when such purchases had been approved by the board itself. Under the Act of 1927, it merely gives him the authority to act for it in making such purchases between meetings of the board of directors. The Act of 1927, as we construe it, is to protect vendors of goods who may furnish supplies to the school district upon the request of the secretary between meetings of the board.

The defendants would seem to contend that the board, in authorizing Mr. Olt as secretary to act as purchasing agent for the board, had created a new position for Mr. Olt, for which he should receive a separate salary. This contention cannot be upheld. Anything that Mr. Olt does or may have done under his authorization for the purchase of supplies, he did as secretary of the board, under the authority granted to him as secretary by the board. It would seem, therefore, that, even assuming that he performed any additional duties as secretary or exercised his authority to purchase the supplies for the board, he should receive payment for such additional services in his salary as secretary and not in a separate employment as purchasing agent. If a school board authorizes its

secretary to act for the board in the purchase of supplies, that becomes one of the duties of the secretary and should be covered by the salary provided by the board for its secretary.

Under the budget in the present case, the item for a purchasing agent as a separate position could not be sustained, and even under the board's actions no money was ever paid to any person as purchasing agent out of the budget item of $600 provided for such purchasing agent. The $600 item covering a purchasing agent was used in making up the $1,800 a year salary of Mr. Olt as secretary. In so doing, the board tacitly recognized that the duties of purchasing agent were comprised in the duties of Mr. Olt as secretary. In paying Mr. Olt, therefore, the item of $600 appropriated for a purchasing agent and not for secretary's salary, the board acted illegally, and such payment must be found to be illegal.

The defendants complain of the chancellor's conclusion of law that such illegal payments should be repaid to the school district by the three school directors.

Section 517 of the code provides: "Any school director voting for, or any officer approving, a school order for the payment of school funds for any other purpose, or drawn in any other manner, than that provided in this act, shall, * * * * be individually liable to the district for the amount thereof."

It would follow as a reasonable and proper conclusion of law that, if the three school directors voted for such illegal payments to Olt, they would become individually liable to the school district for the amount of such illegal payments and should repay the school district. Irrespective, however, of the propriety of such conclusion of law by the chancellor, the decree contains no order or direction that the school directors voting for such illegal payments should repay the school district. The question of the propriety of this conclusion of law, therefore would seem to become merely academic.

As to the exceptions covering the findings of the chancellor that the employment of the school physician and the payments for liability insurance were illegal, the defendants at the argument did not question such findings of the chancellor and pressed only upon the question of the legality of the payments to Mr. Olt.

The defendants further seek a clarification of the decree, which would seem to restrain the defendants from paying Mr. Olt as secretary a salary greater than $800. The present bill was filed in June of 1933, and complained of irregularities during the school year of 1932-33. It may well be that a court of equity has jurisdiction to restrain members of the school board where they have grossly abused their discretion or where their action has been so unconscionable as to be a fraud upon the taxpayers of the school district.

Under the circumstances, we cannot say that a salary of $800 to Mr. Olt is fraudulent or such an abuse of discretion as would justify this court in restraining or interfering with the action of the school directors. The chancellor has ruled upon the payments made during the school year 1932-33 and passed upon the legality of such payments. Under the ruling of the chancellor, the board was justified in paying Mr. Olt $800 as salary for the school year 1932-33. There is nothing before this court except the ex parte statement of counsel as to what the board may have done concerning the salary of Mr. Olt for the year 1933-34.

A court of equity is not allowed to substitute its judgment for that of the board in determining what salary should be paid to a secretary. The most that a court of equity can do is to restrain the school board from improper exercise of its discretion or from acting in such a manner as to constitute a fraud upon the taxpayers. If such a situation now exists, it cannot be passed upon in the present proceedings. We feel, however, that the

decree should be clarified as suggested by the defendants. . . .

## *Decree nisi*

It is ordered, adjudged, and decreed that an injunction issue restraining the school directors of the School District of Upper Moreland:

1. From employing Dr. Harold B. Shaw, or any other physician, as a school physician;

2. From employing Loewen M. Olt in any other capacity than as secretary of said board, and from paying him any salary greater than that fixed by the board or the amount provided in the budget appropriation for the secretary's salary;

3. From paying Loewen M. Olt any moneys from any items in the budget other than the item providing for the salary of the secretary;

4. From the purchase of any liability and property damage insurance insuring the school district as such against any liability for damages caused by the negligent operation of the school busses of such district.

It is further ordered, adjudged, and decreed that the defendants Herman B. Behrens, Loewen M. Olt, and Frank C. Valentine pay the costs of this proceeding.

The prothonotary is further ordered and directed to give counsel in the case notice as required by the rules of equity practice and unless exceptions thereto are filed within fifteen days, the decree entered nisi will be entered as a final decree as of course.

NOTE.—Exceptions filed to the foregoing decree were subsequently withdrawn.           From Aaron S. Swartz, Jr., Norristown.